### SALTS v. STATE.  (4 Div. 162.)

(Court of Appeals of Alabama. Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Indictment and information ⬯79.**

Indictment for assault with intent to murder, which erroneously used word "charged" in place of "charge," *held* not insufficient, in view of Code 1923, § 4528, since error could not prejudice accused.

**2. Homicide ⬯174(2).**

Assault and battery being undisputed, evidence as to extent of injuries and physical condition of victim *held* admissible.

**3. Homicide ⬯169(7).**

Defendant's statement to barber that this was his last shave in town *held* admissible as tending to shed light on subsequent assault and departure from town, whether be made such statement being for jury.

**4. Homicide ⬯268.**

Evidence as to long residence of defendant in one town, and immediate departure after assault, *held* to make question of flight for jury.

**5. Homicide ⬯174(1).**

In absence of question of victim's animus toward defendant, evidence that he discharged defendant and others after assault *held* irrelevant.

**6. Criminal law ⬯547(4).**

Notes of testimony at preliminary trial *held* properly excluded as not properly authenticated and no sufficient predicate laid.

**7. Criminal law ⬯814(3).**

Refusal of charges not supported by evidence is proper.

**8. Criminal law ⬯829(1).**

Refusal of charges fairly and substantially covered by oral charge is not error.

**9. Homicide ⬯341.**

Error cannot be predicated on refusal of charges on assault with intent to murder where conviction was only for assault and battery.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Albert B. Salts was convicted of assault and battery, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Salts v. State, 110 So. 170.

The indictment is in pertinent substance as follows: "The grand jury of said county *charged* that before the finding of this indictment" defendant did assault, etc.

J. Morgan Prestwood, of Andalusia, for appellant.

Testimony by the party alleged to have been assaulted as to his physical condition and the diseases he had had was erroneously permitted. Mann v. State, 134 Ala. 1, 32 So. 704; Kennedy v. State, 140 Ala. 1, 37 So. 90. Defendant should have been permitted to show that Le Maistre discharged defendant and others after the fight. Williams v. State, ante, p. 227, 107 So. 37; Ex parte Ford, 213 Ala. 410, 104 So. 840. Defendant's requested charges were erroneously refused. Johnson v. State, 136 Ala. 76, 34 So. 209. Code 1923, § 3302.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., and Powell & Reid, of Andalusia, for the State.

Defendant's requested charges were refused without error. Tatum v. State, 20 Ala. App. 436, 102 So. 726. The indictment is not subject to demurrer. Gary v. State, 18 Ala. App. 367, 92 So. 533. It was permissible for the state to show the weakened condition of the party assaulted and extent of his injury. Lambert v. State, 208 Ala. 42, 93 So. 708; Bodine v. State, 18 Ala. App. 514, 93 So. 264. Evidence of the discharge of defendant after the difficulty was irrelevant. Ward v. State, 19 Ala. App. 398, 98 So. 208. The incriminating statement made by defendant was admissible. Carter v. State, 205 Ala. 460, 88 So. 571. Evidence of flight is relevant and admissible. Gilbert v. State, 20 Ala. App. 28, 100 So. 566.

RICE, J. At the spring term, 1925, of the circuit court, the grand jury of Covington county found and returned into open court an indictment against this appellant, charging him with the offense of assault with intent to murder.

[1] The demurrer to the indictment was properly overruled; it being evident that the letter "d" affixed to the word "charge" was a mere clerical misprision, and in no manner prejudiced the substantial rights of the defendant. The law is:

"An indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial." Code 1923, § 4528.

The general rule is:

"If the sense of an indictment is clear, technical exceptions thereto should not be favorably regarded, and verbal inaccuracies or clerical errors which are explained and corrected by necessary intendment from other parts of the indictment, or errors of spelling not ob-

scuring the sense, are not fatal." Gary v. State, 18 Ala. App. 367, 92 So. 533.

The trial in the court below resulted in a verdict by the jury of guilty of assault and battery, and a fine of $200 was assessed, to which the court added six months hard labor for the county. This verdict of the jury had the effect of acquitting the defendant of the felony charge, therefore all questions here presented which relate solely to the charge of assault with intent to murder, need not be discussed.

[2] The alleged assault and battery by defendant upon the person named in the indictment being without dispute, it was proper for the court to allow the state to show the extent of the injuries thus inflicted, and also the physical condition of the person assaulted. The several exceptions to the rulings of the court in this connection are without merit.

[3] The undisputed evidence disclosed that this appellant was the head saw filer for the Jackson Lumber Company at Lockhart, of which company J. W. Le Maistre, the injured party, was general manager; and, with the exception of about a two-month period, he (the defendant), had occupied that position and lived in Lockhart since the 1st of September, 1907, more than 18 years. The alleged statement made by him in the barber shop immediately prior to his attack upon the general manager as testified to by state witness Hutchison, to wit: "Well, he told me that that was his last shave he intended to get at Lockhart all right or Florala either," was relevant as tending to shed light upon his acts immediately following—his attack upon Le Maistre and his immediate departure from Lockhart. There was no error in this ruling. Defendant denied having made the remark. Whether he did so or not was a question for the jury.

[4] The fact of the continuous long residence of defendant in Lockhart, coupled with his immediate departure therefrom after the difficulty, rendered the evidence of state witnesses Howell, Yates, and Gill upon this question relevant. Defendant was given the privilege of explaining his absence or flight. The court by these rulings met the required rules of evidence. Whether the defendant fled in order to avoid prosecution or to escape punishment for the alleged crime was, under the evidence, a question for the jury.

[5] It was immaterial to any issue involved upon the trial of this case whether or not Le Maistre discharged the defendant and others from the service of the company after the alleged assault was committed. If the purpose of this inquiry was to show ill will or malice upon the part of Le Maistre toward the accused, the question should have been propounded to the witness as to his state of feelings, and, if in response, to such question,

the witness had answered that his feelings were friendly, etc., it would have been competent to show facts and circumstances to the contrary. Certainly the inquiry as to whether or not Le Maistre also discharged Mr. Welch and several others was not admissible. No error appears in these rulings.

[6, 7] The notes of testimony of the preliminary trial, alleged to have been taken and transcribed by one Benson, were not properly authenticated, and were properly excluded upon motion of the state. Moreover, no sufficient predicate for their introduction was laid. There is no theory of this case which entitled the defendant to affirmative charge; therefore charge 5 was properly refused.

[8] The court's oral charge fully covered every phase of the law governing the issues involved upon this trial. Refused charges 3 and 4 were fairly and substantially covered by the court's oral charge. Moreover, said charges were not predicated upon the evidence, and for this reason were properly refused.

[9] Refused charges 1 and 2 related to the charge of assault with intent to murder only. The defendant having been acquitted of the felony, these charges were not pertinent.

Every question presented has been considered. No error appears. Judgment affirmed.

Affirmed.