LILLIAN T. SPRINGER AND FRANK SPRINGER, RESPONDENTS, v. SAMUEL LABOW, APPELLANT.

Submitted January 30, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the respondents, *Francis A. Gordon*.

For the appellant, *Harley, Cox & Walburg (Harry E. Walburg* and *John J. Francis,* on the brief).

The opinion of the court was delivered by

CASE, J. Plaintiffs were tenants of defendant. They are wife and husband and sue for personal injuries to the wife, with accruing damage to the husband, arising out of a fall that the wife had from the second story of the leased premises due, as is alleged, to a defective railing.

In the course of the trial it developed that the defendant had gone to the office of plaintiffs' counsel and there conversed with one Jacobson, an investigator, who occupied an office in the suite of, and did business for, plaintiffs' counsel and prepared most of the latter's cases for trial. Defendant on cross-examination denied having made certain statements to Jacobson on that occasion. Thereupon plaintiffs' counsel placed Jacobson on the stand and interrogated him *seriatim* whether the questions had been asked of, and the answer had been given by, the defendant, and the witness replied in the affirmative. Plaintiffs' counsel, according to the record, then asked: "*Q.* And did you thereafter dictate this report on the same day from yourself to me for the file in this case? *A.* I did. *Q.* And is this the report [indicating]? *A.* That is the report. *Q.* Has it always been in my file so far as you know? *A.* Yes." The cross-examination, during which defendant's counsel neither examined the paper nor questioned the witness as to its contents, followed, and thereafter plaintiffs' counsel offered the exhibit. It was objected to as a self-serving declaration. Defendant's counsel and the court then engaged in a colloquy, in which the court said that it had seen the witness using the paper on the stand and that the paper would, therefore, be admitted in corroboration of what the witness had said. The appeal centers on the admission of this paper over objection and upon exception taken.

Aside from the court's remarks made after the event, there is nothing to indicate that the witness used the paper in giving his testimony. Assuming, however, that he did, there is no suggestion that reference to the paper was necessary or actually was had for the purpose of refreshing or supplementing his recollection or that the fact of the use was concurrently known to the other side. Much less does it appear that the witness upon reference to the paper so failed to recall the facts that he was obliged to rely upon it and testify therefrom or to use it as a "record of past recollection." The unnecessary or surreptitious use of a paper in oral examination cannot be made the excuse by the party producing the witness, for introducing it in evidence. Nor does the record justify the admission upon the ground that by reason of the failing memory of the witness it became, so to speak, primary evidence.

The plaintiffs, however, contend that the exhibit was offered and admitted solely for its corroborative value and cite *Crane* v. *Sayre*, 6 *N. J. L.* 110, in support. We read that opinion as a finding that there was not harmful error rather than as an approval of the judicial action. In the case at bar we consider that the admission, if error, may have been harmful. The obvious motive was not to corroborate Jacobson in his testimony as to something that he had said or done; it was to corroborate him in his testimony that the defendant had made statements harmful to the defendant's case and which the defendant had denied making. The testimony did not go directly to the issue; it was an attack upon the defendant's credibility, which appears from the briefs on both sides to have become the storm center of the trial. A thing in writing carries, particularly with the layman, a weight of its own. When the jury withdrew they took with them their recollection of the defendant's testimony and their recollection of Jacobson's testimony and, in addition, this exhibit, which not only was a thing in writing but because of that fact was a present and constant reminder to the jury of its contents. It may have been the fulcrum upon which the verdict turned.

The ancient view was that it is not the memorandum that is the evidence, but the recollection of the witness. *Henry* v. *Lee,* 2 *Chit.* 124. Analogous opinions of our own courts, though not directly in point, are *North Hudson County Railway Co.* v. *May,* 48 *N. J. L.* 401; *D. & L. Oil Station Co.* v. *Foltzer,* 105 *Id.* 391, and *Lindenthal* v. *Hatch,* 61 *Id.* 29. A book of expenditures, though not strictly a shop book, was held in *Cottentin* v. *Meyer,* 80 *Id.* 52, to have been properly admitted; but that was upon the theory that the book was a "record of past recollection."

The textbook writers rather generally support the doctrine that when a witness, upon reference to the memorandum, is enabled to testify from recollection, the paper itself is inadmissible at the instance of the party using it. *Wigmore,* § 793; *Jones, p.* 883. *Ruling Case Law* 185 is to the same effect. Of like import is *Russell* v. *Hudson River Railroad Co.,* 17 *N. Y.* 134.

In *Palmer* v. *Hartford Dredging Co.,* 73 *Conn.* 182; 47 *Atl. Rep.* 125, the writing was offered as evidence in corroboration of the oral evidence of the witness who, after refreshing his memory from the writing, had testified fully from memory alone. The Supreme Court of Errors of Connecticut held:

"It was not admissible in corroboration. Assuming that it contained statements previously made by the witness consistent with his oral evidence, the general rule is that a party cannot strengthen the testimony of his own witness by showing that he has made previous statements to the same effect as his testimony, and the case at bar, upon the point here in question, does not fall within any of the exceptions to that general rule."

The Supreme Judicial Court of Massachusetts held that, under the circumstances developed in *Capodilupo* v. *F. W. Stock & Sons,* 237 *Mass.* 550; 130 *N. E. Rep.* 65, the paper was not admissible even though opposing counsel had examined upon it.

We conclude that the mere making of a memorandum in writing immediately after an interview does not make the

memorandum affirmative, intrinsic proof of the things said or transacted thereat, and that the oral testimony of the person who made the memorandum, whether that testimony be entirely independent of, or after the refreshing of the memory of the witness by the use of, the memorandum, does not make the memorandum admissible as an exhibit in corroboration of the witness' oral testimony. The admitting of the exhibit was error.

Judgment below will be reversed.