165 So. 844

### VINCENT v. STATE.

6 Div. 739.

Supreme Court of Alabama.

Jan. 30, 1936.

Rehearing Denied March 5, 1936.

Frank D. Hollifield and K. C. Edwards, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Horace C. Wilkinson, Sp. Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Wesley Vincent, and his companion, Richard F. Darrafou, were indicted for the murder of F. J. Harris. They elected to be tried jointly, and were each convicted of murder in the first degree, and his punishment fixed at death.

The killing was at the Pickwick Night Club in Birmingham, where the deceased, a police officer, in official uniform, was on duty, on the occasion of the President's birthday ball, the night of January 30, 1935.

Without dispute the killing was in the attempted perpetration of a robbery. The state's evidence from eyewitnesses was to the effect that Darrafou and Vincent entered the clubhouse, each with a drawn pistol; that Darrafou, who was leading, thrust his pistol in the stomach of the officer, who grabbed it, deflected it from his person, and it fired. A scuffle ensued between the officer and Darrafou, pending which Vincent leveled his pistol and shot the officer in the back. Both assailants then ran; the fatally wounded officer firing at them as they made their exit. Appellant's version is that pursuant to plan he remained on the outside until Darrafou should go in and hold up the occupants, whereupon Vincent should consummate the robbery at the office; that he heard the shot on the inside, entered, and saw the officer grappling with Darrafou, whereupon Vincent presented his pistol to force the officer to release his associate, and at that moment a bystander grabbed his pistol, causing it to fire; that he had no present purpose to fire.

Defendant, on his direct examination, testified: "I never have taken part in any hold-up or robbery before."

The trial court admitted, over objection of defendant, testimony offered by the state in rebuttal, tending to show that on the afternoon of the same day, the same two men had perpetrated another and distinct robbery at another point in the same city.

This ruling was without error on two grounds:

■ First. To disprove the alleged fact testified to by defendant in his own behalf. His testimony on that point, along with other testimony of his youth, the leadership of an older man, the accidental firing, etc., was directed to a mitigation of punishment of defendant, in any event, to save him from the extreme penalty of death. The defendant cannot complain of evidence in rebuttal of matters presented by him. Morgan v. State, 88 Ala. 223, 6 So. 761; Ford v. State, 71 Ala. 385; Gordon v. State, 129 Ala. 113, 30 So. 30; Longmire v. State, 130 Ala. 66, 30 So. 413.

■ Second. The admission of such evidence was justified as a circumstance tending to show motive for the killing. Having run into a police officer of a city where the former robbery was committed, and facing a probable arrest of his "buddy," to use the term employed by him, according to the state's evidence, did the defendant shoot purposely to rescue his associate, as well as himself, from the consequences of apprehension and punishment for the consummated crime of robbery, or did this motive prompt the killing in connection with other incentives growing out of the immediate criminal enterprise? These were inquiries for the jury under the whole evidence.

■ Evidence of other and distinct crimes is as a general rule not admissible. The tendency of such evidence to work great injury to the accused renders its admission reversible error, unless it is brought within one of the exceptions recognized by law. One exception arises, when the fact of the former crime may reasonably tend to show a motive for the crime upon which the party is being tried. Miller et al. v. State, 130 Ala. 1, 30 So. 379; Hodge v. State, 199 Ala. 318, 74 So. 373; Harden v. State, 211 Ala. 656, 101 So. 442; Gassenheimer et al. v. State, 52 Ala. 313.

■ There was due predicate laid for testimony of confessions or criminating statements by the defendants when arrested at Homewood, and after they arrived at police headquarters. We find no error in admitting the statements attributed to defendants by the several witnesses. Among these, we note: Witness Haynes: "I asked the defendants what they wanted to shoot the officer for and that young fellow (Vincent) said he shot him through the shoulder to keep him from killing his partner." This tended to disprove the contention that Vincent did not intentionally fire the fatal shot.

Witness Mullins: "I spoke to Mr. Darrafou and asked him, 'Why did you shoot this officer in the back?' * * * and he said, 'I didn't shoot him,' and Vincent spoke up and said, 'I shot him.' I asked Vincent, 'Why did you shoot him in the back?' He said, 'What the hell, you think I am going to stand there and let him kill my buddy.' * * * Darrafou spoke up and said, 'Listen, he is a kid, put it on me, I can take it. If the old man gets all right, it just means 20 years or so more on what I have already had.'"

■ The remark of prosecuting counsel in answer to objections by defendants' counsel, "Judge, it shows maliciousness, and cold-bloodedness, and hard-hearted-

ness," was addressed to the court on the admissibility of the testimony. There was no error in refusal to direct the jury to disregard such statement. The testimony was admissible to be considered by the jury on the lines suggested.

The same may be said of the following attributed to Darrafou, on trial at the same time, " * * * that he had made plenty of them, referring to officers, lay their pistols down, and that the officers that arrested him were due some credit," and " 'I will say one thing for the old man, if he gets over it, you should give him a break; he has got more guts than brains.' "

All this went to the degree of criminality attending the offense to be weighed along with all other evidence.

■ In the opening argument of prosecuting counsel, he said: " 'The State doesn't ask you to make a widow out of a woman and turn her loose to face the problems of life.' ".

Objection was interposed, overruled, and exception reserved.

This is argued as error to reverse on the idea that this was an appeal to the jury to arouse sympathy for the widow of the deceased officer, and consequent passion or prejudice against defendant.

The fact that the officer left a widow was before the jury, as she was a witness in the cause.

Similar general remarks, under these conditions, were held without injury in Doss v. State, 224 Ala. 90, 139 So. 290. We make a like ruling in this case.

While protracted impassioned appeals to the jury, when wife and children, probably in tears and widow's weeds, are present, have been condemned as tending to arouse such feelings as to handicap the jury in a deliberate consideration of the merits of the cause, this should not be extended to shut off comments bringing to the jury a deep sense of the consequences of the work of the manslayer.

■ It is strongly urged that this judgment should be reversed because of an occurrence before the jury on the trial, wherein it is claimed the defendant was deprived of the benefit of counsel employed, and to discredit defendant's counsel before the jury.

The entire incident, as shown by the record, appears in the report of the case.

It is not the right of counsel to refuse to comply with the orders of the court to sit down or desist from discussing a matter. If the court rules on an objection without giving opportunity to state the ground of objection, an offer to state the same is a full compliance with Circuit Court Rule 33. If the court announces he does not care to hear it, this is notice that the court considers the objection without merit on any ground, and an exception may be reserved accordingly. The notion that duty to the client demands defiance of the orders of the trial court to preserve a right of review, has no basis in law or practice.

The trial court was entirely within his discretion in holding the attorney in contempt, and in causing his removal from the courtroom.

At that stage, the defendant having other counsel present, there was no duty on the court to delay the trial or take other course than that which was taken. The instructions to the jury were ample to remove any wrongful impression which the incident may have excited in their minds.

We have considered the several questions presented in brief, or appearing in the record, and find no error to reverse. Further discussion is deemed unnecessary.

The date fixed for the execution of the sentence of the law having passed, it is ordered and adjudged that Friday, the 27 day of March, 1936, be and the same is affixed as the date upon which the sentence will be executed as provided by law.

Affirmed.

All the Justices concur, except ANDERSON, C. J., not sitting.

### On Rehearing.

BOULDIN, Justice.

Upon application of the appellant, the date of execution of the sentence of the court is reset from March 27, 1936, to Friday, April 10, 1936, and the application for rehearing is this day overruled.

All the Justices concur, except ANDERSON, C. J., not sitting.