DAISY APGAR AND PHILIP APGAR, PLAINTIFFS-RE-
SPONDENTS, v. THE HOFFMAN CONSTRUCTION CO.,
DEFENDANT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiffs-respondents, *Gebhardt & Gebhardt (E. Herbert Kiefer* and *W. Reading Gebhardt).*

For the defendant-appellant, *Smith & Smith (Sylvester C. Smith, Jr.).*

The opinion of the court was delivered by

CASE, J.  The action arises out of a motor vehicle collision which occurred March 18th, 1937, on State Highway No. 29—then a three-lane road—a short distance west of Plainfield.  Judgment went for plaintiffs, and defendant appeals.

There was evidence from which a jury could resolve these factual findings: Defendant's employe was driving westwardly along the highway, a combined vehicle of the type

known as tractor-and-trailer, with a length over all slightly more than thirty-eight feet. The automobile tractor was eighteen feet long; the height to the top of the cabin was about nine feet. The trailer was of a kind used to transport steam shovels or other heavy machinery; it was ten feet wide and over twenty feet long, with a deck or carrying platform about thirty-two inches above the ground. The apparatus had actually just finished moving a shovel in Plainfield and was on its way to move a well tower. The platform was bare of load. Defendant's driver, who well knew the highway in that vicinity and had frequently driven over it, was at the wheel, with his helper sitting at his side. Snow began falling heavily. The rubber hosing which carried the power to the wiper on the windshield of the tractor "had been so cracked" that when the snow began falling the wiper became stuck and the driver, with the intention of cutting off some of the defective hosing and making a readjustment so that the wiper "would take hold," pulled to the side of the road and stopped. The comparative widths of the road shoulder and of the tractor and trailer were such that the tractor could be, and was, placed wholly off the concrete but the deck or platform of the trailer necessarily extended, at the rear end, from three to four feet upon the concrete or traveled portion of the roadway. At a distance of approximately one thousand feet ahead there was ample space off the concrete for both tractor and trailer to be parked. Had the driver propelled the vehicle to the opposite side of the highway, he would likewise have had enough room to park without encroaching upon the concrete. Neither the driver nor his helper did anything to warn other drivers of this menace on the highway although the road was ordinarily heavily traveled and there was much traffic at that time. The driver applied himself to his repair work. The helper opened up the hood at the front of the tractor and stood there. Meanwhile, Mrs. Apgar was driving at moderate speed on the same highway and in the same direction, with as much visibility as an operating wiper on the windshield could give her against the beating storm. As she approached defendant's parked apparatus she saw the cab of the tractor and pulled to the left to give it full clearance. She did not

observe the low, snow-covered trailer extending out over the highway and failed by about two inches to escape it. From the resulting collision came the injuries and the losses sued upon.

Appellant's first and second points are, respectively, that the court erred in denying to the defendant, on its motion, a nonsuit and a direction of verdict. Did the defendant, through its servants and agents, exercise such care as (to use the words of the charge addressed by Mr. Justice Dixon to the jury in *Kowalski* v. *Newark Passenger Railway Co.*, 15 *N. J. L. J.* 50) an ordinarly prudent person would have exercised under the conditions existing at the time it was called upon to act? Did it foresee and have due regard for (Mr. Justice Garrison in *Evers* v. *Davis*, 86 *N. J. L.* 196) the danger reasonably to be foreseen at the time of acting? Was it an act of ordinary prudence to stop and allow the snow-covered, low-lying trailer platform to project for several feet into the lane of travel on a busy state highway without taking the precaution to warn other drivers of the danger? Was it or was it not (*vide* Traffic act, *R. S.* 39:4-136) "practicable to park" the trailer "or leave it standing off the paved, improved or main traveled portion" of the highway or was it "impossible to avoid stopping" the vehicle? The danger was obviously great and perhaps rendered greater by the fact that the more visible part of the vehicle—the tractor—was off the lane of travel. We are given no good reason why the driver did not lean out of the cab window and with that view, familiar as he was with the road, proceed the short distance to a more spacious shoulder, or why he did not brush the snow from the windshield and drive on to make the repairs at a safer spot, or why the helper was not posted at the rear of the trailer, or why some other form of warning to traffic was not given. The danger in permitting such a condition to exist under the weather conditions then prevailing was, of course, foreseeable by the defendant's experienced driver. Whether the driver did foresee and have due regard for that danger and whether he conformed to the appropriate standard of conduct was, in our opinion, obviously a fact—and therefore a jury—question. So, too, whether the plaintiff was

guilty of contributory negligence. Where fair-minded men may honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. *Mumma* v. *Easton and Amboy Railroad Co.,* 73 *Id.* 653; *Cady* v. *Trenton and Mercer, &c., Corp.* 104 *Id.* 572.

Appellant's third point is that the court erred in charging the jury that it was the duty of the driver to give such warning, if any, of the presence of the vehicle upon the highway as a reasonably prudent person would give under the circumstances and that a failure, if such there was, to give such a warning would be negligence. That statement of law was, we find, correct upon the principles already stated.

It is next said that the court erred in refusing to charge as follows upon defendant's request.

"If the jury find as a fact that on the day in question at time of the accident the plaintiff Mrs. Apgar was operating the automobile without an arm and blade on the windshield wiper and as a result her view ahead was obscured in such a manner as to prevent her from seeing the trailer parked ahead, and such conduct contributed to the accident, the plaintiff was guilty of contributory negligence, and your verdict should be no cause of action."

The issues of the cause were within a narrow limit. The judge had called the attention of the jury to the conflict in the evidence regarding the presence and operation of a windshield wiper on plaintiffs' car, that the defendant charged contributory negligence on the part of Mrs. Apgar and that plaintiffs could not recover if there had been such contributory negligence. We think that the subject of the request had been fairly well covered. Be that as it may, the request in itself was faulty. To state the law in the precise terms of the request would make absolute the duty to have an operating and effective wiper working with an arm and blade as against a result to which a violation of that duty contributed; whereas, in our opinion, the duty was not absolute but dependent upon circumstances which should be resolved factually. Our attention has been called to no controlling statute.

Therefore we resort again to the conception of what a reasonably prudent person would do under the circumstances. As that is the ultimate standard by which facts are appraised with respect to the alleged negligence of the defendant, it is likewise so with respect to the alleged contributory negligence of the plaintiff. The request was not sound either as a general legal proposition or in immediate application to the facts of the case.

Appellant finally complains of the evidence rulings whereby it was put in proof that after the accident a state trooper had defendant's driver move the tractor and trailer to the opposite side of the road where the parking could be done without interference with traffic. An objection to evidence, specifying no ground will not sustain an exception. *Schnoor v. Palisades Realty, &c., Co.*, 112 *N. J. L.* 506. By the same reasoning the ground stated to the trial court for objecting to the admission of evidence measures the field within which an exception is effective. The only ground of objection stated at the trial was that defendant was not bound by anything that happened after the accident, and defendant is now limited to the force of that objection. Indeed, the argument made before us is actually upon that narrow ground and is made to rely upon the language of this court in *Perry* v. *Levy*, 87 *N. J. L.* 670, to the effect that proof of repairs made by a landlord subsequent to the injury, in order to prevent recurrence of an injury, is not admissible to show negligence in earlier permitting the condition to exist or as amounting to an admission of negligence. Both the stated ground and the argument, we think, miss the point. The evidence was offered and admitted to prove that at the distance of the width of the highway "there was plenty of room to park it [the tractor and trailer] safely." The jury were specifically charged that they "should not consider what happened after the accident in moving the truck and trailer, since this is not evidence upon which the jury can base a finding of negligence on the part of the driver of the truck." That it was the defendant's driver who sat at the wheel or that defendant's apparatus was *moved* or was made the means of demonstrating a fact,

was merely incidental. The relevancy or the materiality of the near presence of that area was not stated as a ground of objection at the trial, is not argued here and has not been considered by us.

We find no error. The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.