8 So.2d 268

**PATTERSON v. STATE.**

6 Div. 12.

Supreme Court of Alabama.

May 14, 1942.

James W. Conrad, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, William M. Patterson, was indicted for the murder of his wife, Mattie Patterson, by cutting her with a knife. On his trial, defendant was convicted of murder in the first degree and his punishment fixed at death.

Evidence of eyewitnesses for the state was to the effect that defendant and deceased, husband and wife, were not living together at the time; that defendant came to the home of deceased and engaged in apparently friendly conversation; that suddenly, without provocation, or warning, defendant seized deceased by the arm, assailed her with a knife, inflicting fatal wounds, despite the efforts of Emma Holt to prevent, and efforts of deceased to escape.

On the examination of state witness Callie Price, sister of deceased, the solicitor asked: "I will ask you whether or not William M. Patterson was convicted in 1939, during the month of December, here in Jefferson County, for assaulting your sister Mattie Patterson and sentenced to the penitentiary for 422 days?" On objection by defendant's counsel, the solicitor advised the court the evidence was offered on the question of motive. The court, after cautioning the jury that such evidence was inadmissible as a general rule, one exception being that it was admissible to show a motive for the commission of the crime for which the accused is on trial, overruled the objection. The witness answered: "Yes, Sir." Exceptions were duly reserved.

Further evidence, admitted over defendant's objection, disclosed that defendant had been out of the penitentiary "about three weeks;" that he had come to his wife's home twice before but she was not there at the time; that so far as known to the sister they had not been together since defendant had been out of the penitentiary.

The law is well settled that conviction and incarceration for another and former crime is admissible if it reasonably tends to show a motive for the crime for which the accused is on trial. Vincent v. State, 231 Ala. 657, 165 So. 844, and authorities there cited.

Wigmore on Evidence, 2nd Ed., p. 621, Section 306, says: "(1). Motive To show the hostility towards the deceased of a defendant charged with murder, a former assault by him upon the deceased would be relevant. * * *"

For general treatment of exceptions to the rule of exclusion, see 1 Wharton's Criminal Evidence, 10th Ed., p. 60, § 31; Gassenheimer v. The State, 52 Ala. 313.

There was no error in the rulings of the court in the instant case. The court, with great care, made it plain to the jury that such evidence could be considered solely on the question of motive.

The record has been carefully considered. We find no error therein. No other question calls for special treatment. The evidence fully supported the verdict of the jury.

The day fixed for the execution of the death sentence having passed, it is ordered that Friday the 26th day of June, 1942, be and is here fixed as the day for the execution of the sentence pronounced by the trial court as provided by law.

Affirmed.

All Justices concur, except KNIGHT, J., not sitting.