41 So.2d 608

### GORDON v. STATE.
### 6 Div. 695.

Court of Appeals of Alabama.
Jan. 18, 1949.

Rehearing Denied Feb. 8, 1949.

Beddow & Jones and G. Ernest Jones, Jr., all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the first degree, convicted of murder in the second degree and sentenced to the penitentiary.

After her arrest appellant was interrogated by police officers, the Coroner of Jefferson County also being present. The voluntary character of appellant's responses to the questions was established. This interrogation was taken down in shorthand by a stenographer, and later transcribed into a typewritten report, which was signed by the appellant. The answers of the appellant to many of the questions propounded to her during this interrogation were highly confessory in character.

Mr. C. F. Batchelder, one of the police officers present at appellant's interrogation, a witness for the State, testified that he turned the signed copy of the report over to the Solicitor's office. He could not say however whether this signed report had been read to appellant, or by her, before she signed it.

Mr. Batchelder was handed some papers and stated that the same were a copy of the signed report he had turned over to the Solicitor's office.

Mr. Batchelder further testified that while appellant was being interrogated the questions and answers were taken down in shorthand by some young lady. At a later time she turned over to Mr. Batchelder the copy he had just been handed by the Solicitor. At that time he read over the report, and found it was an accurate report of the questions and answers.

Over appellant's objection and exception the report was admitted into evidence as an exhibit, and then read to the jury, the court stating: "The officer testified of his own knowledge it is true, that the questions and answers were made in his presence and that it is truly transcribed on the paper. I think it is proper for you to read it."

In our opinion the court's ruling in this premise was erroneous.

According to Mr. Batchelder, one of the transcriptions prepared by the stenographer was signed by the appellant. Whether it was read over to appellant, or whether she read it over, before signing it, is left in doubt. This point is not of importance in our present consideration, for clearly, the signed copy of the interrogation was not offered, but an unsigned copy, we presume a carbon copy. No attempt was made to account for the non production of the signed written statement. Primarily the admission of this unsigned copy over appellant's objection therefore violated the best evidence rule.

Another reason why this written statement should not have been received in evidence is that it was merely a report of what the stenographer alleged the appellant had said, and but hearsay. Permitting the witness Batchelder to affirm the correctness of the stenographer's report in no way added to its verity, but merely compounded its hearsay character. Woods v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681, 27 A.L.R. 834.

We of course are not dealing with the admission of a properly certified copy of a transcript of evidence made by an official court reporter. Assuming that the transscription introduced in this case was a carbon duplicate, the fact that it was unsigned would necessitate, on objection to its introduction being interposed, that its correctness be first established by the person who took the notes and transcribed them. Such was not done in this case. Dubose v. State, 20 Ala.App. 193, 101 So. 911, certiorari denied, 212 Ala. 190, 101 So. 912; Salts v. State, 21 Ala.App. 573, 110 So. 169, certiorari denied 215 Ala. 247, 110 So. 170.

Any person who was present and heard appellant's statements could have testified as to their content. This procedure was not however followed, but the unsigned writing purporting to be a correct transcription of the statements was introduced after a witness who heard such statement made affirmed such written version to be a correct report of appellant's statement. The appellant denied the accuracy of certain of her answers, highly material to her defense, as they appear in the paper received in evidence. Had the State established the appellant's statements by the testimony of witnesses who heard her make them, there would have been before the jury conflicting statements of the witnesses for the prosecution and the appellant as to the true version of the statements made by her, all of such testimony being based on the recollection or memory of the respective witnesses. Under the procedure followed the appellant's oral denial, based on her recollection, as to what she did or did not say is contradicted by the unsigned written account introduced by the State as to what she said. The written statement was admitted with the approval of the court. Undoubtedly, in the jury's mind some verity must thereby have attached. The disadvantage thus resulting to appellant is obvious.

In effect the procedure followed below resulted in bolstering, by documentary evidence, possible oral testimony that was not even offered, though the witnesses who could have given such testimony were placed on the stand. Further, the State had the benefit of the officer's version of the appellant's confession without his being subjected to cross examination. The interrogation of appellant did not in any sense rise to the status of a former judicial, or quasi judicial proceeding, in which certain protective safeguards and rights are accorded. However, even in such instances, the mere fact that testimony has been given in a former proceeding between the parties to a case on trial is no ground for admitting it in evidence. Nelson v. Lee, 249 Ala. 549, 32 So.2d 22.

For the reasons above discussed it is our opinion that this record is infected with error, and the cause must be reversed. It is so ordered.

Reversed and remanded.