37 N.J. Super. 433 (1955)
117 A.2d 521
LORETTA K. BURKE AND JACOB O. BURKE, PLAINTIFFS-APPELLANTS,
v.
LINCOLN TRANSIT COMPANY, A BODY CORPORATE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1954.
Decided October 26, 1955.
*434 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles A. Rooney argued the cause for defendant-respondent (Mrs. Marian Rooney-Sheehy, attorney).
*435 Mr. John Warren, Jr., argued the cause for plaintiffs-appellants (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
Loretta K. Burke sues to recover for injuries sustained while a passenger in a bus operated by defendant. Her husband joins as plaintiff for consequential damages. The gravamen of the charge is that the bus driver was negligent in stopping the bus suddenly, causing Mrs. Burke, who was standing in the aisle preparatory to alighting, to be thrown backwards into the windshield and down into the stairwell. The testimony as to her subsequent disability laid heavy stress on an alleged condition of the knees and lower back. There was abundant evidence to support defendant's contention that the stoppage of the bus was caused by the pulling away from the curb of an automobile in front of the bus and its immediate unforewarned backing up in the path of the bus. The jury returned a verdict of no cause for action in favor of the defendant.
The appeal is confined to two points: the refusal of the trial judge to charge the jury in certain respects requested by plaintiffs and the admission in evidence of an unsigned statement taken from Mrs. Burke by an investigator employed by defendant.
The requests to charge were these:
"2. The defendant, Lincoln Transit Company, Inc., as a common carrier was under the duty of so operating its bus that there should be no jerks or jolts or sudden stops which are of such an unusual character as to speak of negligence in the operation of the bus. If you find that this bus stopped with a sudden jerk or jolt of such a character as to speak of negligence in the bus operation, then you may find that the Lincoln Transit Company, Inc. was negligent in the operation of the bus. If the Lincoln Transit Company, Inc. was negligent in the operation of its bus, then it is liable to Mrs. Burke, a passenger, for the injuries proximately resulting therefrom.
3. If you find that this bus stopped with such a violent jerk as to throw the plaintiff against the window with such violence as to break it, then it is for you to determine whether there was negligence in the operation of the bus which caused the injury to the plaintiff."
*436 The authority cited to the court was Cohn v. Public Service Co-ordinated Transport, 109 N.J.L. 387 (E. & A. 1932). In that case the court reversed a non-suit where there was evidence that the start of a bus with a sudden jerk caused injury to a passenger. The question of negligence was held for the jury. The language of the court was plainly not intended as a precept for a jury charge. In the present case the court fully and correctly charged the jury that defendant's duty to plaintiff was one of exercising a high degree of care for her safety. While it would have been appropriate for the charge to refer to the factual setting it was not necessary for it to do so in view of the perfect apparency of the sudden stop as the basis for the claim. The language of the charges requested would have practically imputed liability to the defendant. There was no prejudicial error in their denial.
The point respecting the admission of the statement presents a closer question. The testimony of the investigator was that he took down in writing Mrs. Burke's account of the circumstances of the incident and of her injuries, about three weeks after the accident, at her home and in the presence of her husband; that he read it back to her, made certain corrections and addenda at her direction and submitted it to her husband for inspection. He said that, as amended, it contained what she said and that she refused to sign it because they had engaged an attorney. By direction of counsel "to refresh your recollection and tell us what she said" he read its contents in evidence without any objection on the part of plaintiffs and said Mrs. Burke made no reference at the time to any injury to her back. Upon its offer in evidence as an exhibit counsel for plaintiffs objected, stating no ground other than an observation that "the statement is not signed" and that "it is a memorandum made by this witness." The court admitted it solely to contradict the plaintiff in the matter of alleged injury to her back and advised the jury to "bear in mind that she said she did not read the statement * * * however it was read to her * * * and she didn't sign." The investigator *437 was cross-examined concerning the taking of the statement and the corrections and interlineations.
On cross-examination Mrs. Burke admitted making each of the assertions attributed to her in the writing except that "a car pulled out from curb and bus driver had to stop suddenly." She said she did not see this or tell the investigator she saw it but that she was so told after the event.
The propriety of the admission of the statement involves the possible impact of a number of phases of the law of evidence: refreshment of recollection, recorded past recollection, admissions, corroboration of a witness by similar statements, and perhaps others. It is ordinarily requisite that an objection to testimony be accompanied by the grounds therefor, R.R. 4:47, so that the trial court may have the opportunity to purge the proofs of extraneous or prejudicial elements. Priest v. Poleshuck, 15 N.J. 557, 565 (1954). Counsel here made no objection at all to the reading of the statement and stated no clearly intelligible ground of objection when it was offered in evidence as a writing. Under the peculiar circumstances here presented we think plaintiffs are consequently precluded from contending there was prejudicial error. It is the rule that the ground stated to the trial court for objecting to the admission of evidence measures the field for argument of error on appeal. Apgar v. Hoffman Construction Co., 124 N.J.L. 86, 90 (E. & A. 1940).
Although the absence of a signature on the statement did not of itself destroy its competence as an admission of a party, State v. Carrano, 27 N.J. Super. 382 (App. Div. 1953), State v. Donato, 106 N.J.L. 397 (E. & A. 1930), there was some basis to question the adequacy of the proofs as to unqualified acknowledgment of the writing by the plaintiff in all its particulars. Cf. State v. Cleveland, 6 N.J. 316 (1951); Altieri v. Public Service Railway Co., 103 N.J.L. 351 (E. & A. 1927). It has been observed that the obtaining of "bedside" statements by professional investigators in personal injury cases has sometimes been *438 attended by abuses but that their exclusion, if otherwise competent as admissions, is no real remedy for such abuses. 4 Wigmore, Evidence (3rd ed. 1940) § 1050, p. 8. The exercise of close surveillance by trial courts in matters of admission of unsigned statements is nevertheless indicated.
Plaintiffs heavily stress Springer v. Labow, 108 N.J.L. 68, 70 (Sup. Ct. 1931). We do not regard it as applicable. That case involved the admissibility of a memorandum prepared by a witness in his own office and addressed to an attorney by whom he was employed as an investigator, purporting to summarize the results of an interview had between the witness and an adverse party. It was offered in support of the oral testimony of the witness concerning admissions by the party. The point might well have been disposed of on the basis of the patent incompetency of the document as an effort to corroborate a witness by his prior similar statements, 4 Wigmore, op. cit. supra, § 1124, pp. 194, 195, and there is a passing reference to that rule in the opinion (108 N.J.L., at page 71). The question of admissibility as a statement by a party was neither involved nor discussed. Moreover, the observations in that case concerning the admissibility of memoranda which have served to refresh the recollection of a witness were dicta and that subject is not really involved here either, to the extent that the statement may be understood to have been offered solely as an admission by the plaintiff. See our reference to the question, specifically left open for later consideration, as to whether a memorandum which qualifies as the past recollection recorded of a witness is rendered incompetent by its capacity fully to refresh the recollection of the witness as to its contents in Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362, 372 (App. Div. 1955).
In any event no impairment of substantial justice is perceived in the admission of the paper in evidence in view of its contents having previously been read, word for word, to the jury without objection, the apparent dismissal of the issue of damages by the verdict of the jury, and the substantial concurrence of the other witnesses as to the explanation *439 of the sudden stop of the bus referred to in the statement. R.R. 1:5-3 (b).
Judgment affirmed.