106 So.2d 263

**Columbus BOGGS**

v.

**STATE of Alabama.**

2 Div. 390.

Supreme Court of Alabama.

Nov. 6, 1958.

John Patterson, Atty. Gen., and George Young, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

The appellant, Columbus Boggs, alias Richard English, was convicted of murder in the first degree and sentenced to death by electrocution. His appeal to this court is under the provisions of the automatic appeal statute. Act No. 249, approved June 24, 1943, p. 217; Code 1940, Tit. 15, § 382 (1), et seq., 1955 Cum.Pocket Part.

The indictment charges that appellant "unlawfully and with malice aforethought killed M. L. Chance, by shooting him with a pistol, against the peace and dignity of the State of Alabama." Appellant pleaded "not guilty."

The evidence clearly shows that appellant shot the deceased with a pistol, there-

Samuel A. Sommers, Jr., and W. Tarver Rountree, Jr., Selma, for appellant.

by causing his death. Voluntary admissions made by the defendant in the presence of his mother, a police officer of the City of Selma and a state investigator were part of the evidence offered by the state. These admissions were not contradicted by the defendant. In fact, the defendant did not take the stand, which was his right, and presented no witnesses in his behalf.

Inasmuch as we have concluded that error was committed in the trial of the case calling for a reversal, it would serve no useful purpose to discuss the evidence in detail.

Mr. Artie Stillwell, of Anniston, Alabama, was called as a witness for the state. His examination consisted of the following:

"Q. What is your name? A. Artie Stillwell.

"Q. Where do you live? A. Anniston, Alabama.

"Q. You live in Anniston? A. Yes, sir.

"Q. What business are you in? A. Run a service station for Mrs. B. C. Hendrix.

"Q. You run a service station? A. Yes, sir.

"Mr. Rountree: We object to the testimony of this witness. We'd like to have a showing before it is presented to the jury.

"The Court: Come up here. (All lawyers in the case confer with the judge in low voices at the bench)

"The Court: Restate your objection.

"Mr. Rountree: We move that the testimony of this witness not be received because we have reason to believe it will be highly prejudicial to our defendant.

"The Court: The Court overrules the objection.

"Q. Mr. Stillwell, I show you a .25 automatic pistol here, marked for indentification Plaintiff's Exhibit 3, and ask you do you recognize that pistol? A. Yes, sir.

"Q. And did you have the number of that pistol recorded? A. Yes, sir.

"Q. What was the number you had recorded? A. .25 semi-automatic, No. 708685.

"Q. Have you checked that number against this pistol? A. Yes, sir.

"Q. And was that number the same on this pistol as on there? A. Yes, sir.

"Q. Do you know Columbus Boggs? A. No, sir.

"Q. Did you loan this pistol to Columbus Boggs? A. No, sir.

"Q. Did you sell it to him? A. No, sir.

"Q. But this was your pistol? A. Yes, sir, I owned it three-and-a-half years.

"Mr. McLeod: Your witness.

"Mr. Rountree: We have no questions. We would like to move that this testimony be excluded as prejudicial to the defendant, and it hasn't been connected up.

"The Court: Overrule the motion at the present time. However, if it is not connected up the Court will grant your motion to exclude it."

It is here insisted that this testimony carried the clear implication that appellant "had committed an offense separate and distinct from that for which he was indicted" and that "the total effect arising from answers of a witness brought 120 miles to

testify" was to charge appellant with stealing the pistol. It is argued that this testimony was grossly prejudicial to appellant's rights and impressed on the minds of the jurors that he probably stole the pistol used in the killing, thus denying to appellant a fair and impartial trial.

In Brasher v. State, 249 Ala. 96, 98, 30 So.2d 31, 33, we had occasion to discuss the admissibility of evidence of this character and there said:

"This question of the admissibility of evidence touching other crimes perpetrated by a defendant on trial for a specified offense has been the theme of much discussion by courts and text writers. Some of them approach the solution of the problem with the idea that except when it shows merely criminal disposition, evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. People v. Peete [28 Cal.2d 306], 169 P.2d 924; Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954; Stone, The Rule of Exclusion of Similar Fact Evidence: America, 51 Harv.L.Rev. 988. Such is the effect of Rule 311 of the American Law Institute's Model Code of Evidence, which is as follows: 'Subject to Rule 306, evidence that a person committed a crime or civil wrong on a specified occasion is inadmissible as tending to prove that he committed a crime or civil wrong on another occasion if, but only if, the evidence is relevant solely as tending to prove his disposition to commit such a crime or civil wrong or to commit crimes or civil wrongs generally.'

"But this court over a long period of years has approached the solution of the question on the theory that there is a rule against the admissibility of evidence concerning prior offenses, but that to such rule there are well-recognized exceptions. Ingram v. State,

39 Ala. 247, 84 Am.Dec. 782; Gassenheimer v. State, 52 Ala. 313; Johnson v. State, 242 Ala. 278, 5 So.2d 632. The reason for such so-called rule of exclusion lies no doubt in the fact that proof of another and distinct offense has ordinarily no tendency to establish the offense charged.

"Among the exceptions to the so-called rule of exclusion, recognized in this state, is that where a question is raised as to the identity of the person committing the offense, evidence of other offenses is sometimes admitted for the purpose of establishing such identity. Ingram v. State, supra; Gassenheimer v. State, supra; Johnson v. State, supra."

And, of course, the question of identity must be an issue in the case for such proof to be admissible. Johnson v. State, 242 Ala. 278, 281, 5 So.2d 632.

There are other exceptions to the general rule, including the following: "[W]hen the fact of the former crime may reasonably tend to show a motive for the crime upon which the party is being tried", Vincent v. State, 231 Ala. 657, 660, 165 So. 844, 846; "cases where such evidence may throw light on the motive, intent, scienter, or identity, and so tend to establish the guilt of the party of the offense for which he is being tried", Jackson v. State, 229 Ala. 48, 50, 155 So. 581, 582; Robinson v. State, 243 Ala. 684, 688, 11 So.2d 732; "the rule will not avail to exclude evidence of the res gestae, nor to close the door against proof of motive for the crime under investigation", Davis v. State, 213 Ala. 541, 543, 105 So. 677, 678.

And it has been said that "the tendency of such evidence [of other and distinct crimes] to work great injury to the accused renders its admission reversible error, unless it is brought within one of the exceptions recognized by law." Vincent v. State, supra. We do not perceive any basis

for holding that the evidence objected to, carrying, as it does when considered with the other evidence adduced by the state, the clear implication that defendant stole the pistol, was within one of the exceptions to the general rule.

The position taken by the state is that "the prosecution may show the circumstances under which the defendant acquired the weapon, first to carry out a prearranged plan to rob Mr. Chance, and then, in killing Mr. Chance." Cited in support of this is Rollings v. State, 160 Ala. 82, 49 So. 329, 332, where it is said that "it might be very important to know how and when the defendant obtained the pistol with which he shot deceased." But the situation in the case now before us is quite different from that in the Rollings case. There "the sole dispute was whether or not defendant acted in self defense." Evidence as to how and when he obtained the pistol was there held admissible as having some bearing on that issue. Here, there is no issue as to self defense. Nor do we perceive any issue to which it can be fairly said that Mr. Stillwell's testimony was relevant. Cf. Johnson v. State, 265 Ala. 360, 364, 91 So.2d 476.

■ After Mr. Stillwell testified, there was evidence that the pistol referred to in his testimony was found in defendant's pocket when arrested. The state toxicologist also testified that, from tests made by him, it was his opinion that the shot which killed Mr. Chance was fired from that pistol. Also, the defendant, in his voluntary statement already adverted to, admitted shooting Mr. Chance with the pistol. None of this testimony had been introduced by the state when Mr. Stillwell testified. It is argued that such evidence served to "connect up" Mr. Stillwell's testimony rendering its admission innocuous and making it unnecessary for further ruling by the court. We are unable to agree. The proper test as to "connecting up" is whether Mr. Stillwell's testimony would have been admissible after introduction of the foregoing evidence. So considered, we see no purpose of his testimony, except, as argued by appel-

lant, that it was to leave the impression with the jury that defendant had probably stolen the pistol.

It is also insisted by the state that even if there was error in admitting such testimony it was error without injury, and under Rule 45 of the Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXXVII, Code 1940, Tit. 7, Appendix, 1955 Cum.Pocket Part, a reversal is not required. Revised Rule 45 provides, in pertinent part, as follows:

"Hereafter no judgment may be reversed or set aside, * * * in any * * * criminal case on the ground of * * * improper admission * * * of evidence * * * unless in the opinion of the court to which the appeal is taken, * * *, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

■ We have examined the entire record and are not satisfied that the admission of such evidence was without injury to substantial rights of appellant. He was charged with and found guilty of murder in the first degree; and we think the evidence clearly supports such finding. But, in so finding, it was within the sole discretion of the jury to prescribe as punishment either the death penalty or imprisonment in the penitentiary for life. Code 1940, Tit. 14, § 318. We cannot possibly probe into the mental processes of the jurors to ascertain whether and to what extent the incompetent testimony actually had in influencing the exercise of their discretion in fixing the punishment. We are not willing to say it did not have some influence on them, thus affecting the substantial rights of appellant.

It should be borne in mind that this is a case brought here under the automatic appeal statute, supra, which contains a provision that this court "may consider, at its discretion, any testimony that was serious-

ly prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto." Section 10, Act. No. 249, supra; § 382(.10), Tit. 15, supra.

A reversal of the judgment and remandment of the cause to the circuit court for a new trial is called for.

Reversed and remanded.

All the Justices concur.

