202 So.2d 55

**Ottis Edward BENNEFIELD**

**v.**

**STATE of Alabama.**

**6 Div. 424.**

Supreme Court of Alabama.

June 5, 1967.

**284**

Robt. C. Barnett, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., opposed.

HARWOOD, Justice.

As we deduce from the opinion of the Court of Appeals there was introduced over appellant's objection, a transcript of an interrogation conducted by Detective Beeker. This transcription was prepared by Miss Harrington from shorthand notes made by her during the interrogation. The transcription was never seen by the appellant after its preparation, nor acknowledged by the appellant to be a correct account of his statement to Beeker.

The Court of Appeals held:

> "There is no merit in appellant's contention that this transcription should have been signed and/or acknowledged by him before such could become competent evidence."

The Court of Appeals has set forth a thumbnail sketch of this transcription. It appears as an exhibit in the record. There being no dispute as to this exhibit, we have examined it for a more complete understanding of its contents. Cranford v. National Surety Corp., 231 Ala. 363, 166 So. 721. The Court of Appeals did not indicate whether it found this transcription to contain inculpatory statements, but merely stated that it found the predicate for its admission to be sufficient. After reading the transcription, we conclude that it does contain statements which inferentially are

inculpatory, such as references of flight, etc. Containing admissions against interest, the transcription is governed by the rules concerning confessions.

The index to the record fails to list Miss Harrington as a witness.

■ When a confession of crime is reduced to writing, and afterwards read to an accused and acknowledged by him to be correct, such document is admissible even though the accused does not sign it, that is, when properly established by the party who made the writing. Tiner v. State, 271 Ala. 254, 122 So.2d 738.

■ Here, Miss Harrington, the stenographer who took down the questions and answers in shorthand and later prepared the transcription, did not testify. She was the only one who could testify as to the authenticity of the transcription made from her shorthand notes. Degg v. State, 150 Ala. 3, 43 So. 484.

■ Once the state adopted the theory that the transcription was a confession, then the best evidence rule governed the question of identifying the writing setting forth the confession. Gordon v. State, 252 Ala. 492, 41 So.2d 610. Detective Beeker merely identified the writing as being the transcript furnished him by Miss Harrington. Permitting him to affirm the correctness of the transcription in no way added to its authenticity, but merely compounded its hearsay character. Gordon v. State, 34 Ala.App. 278, 41 So.2d 608.

In Parsons v. State, 251 Ala. 467, 38 So. 2d 209, a witness testified from memory as to the tag number of an automobile alleged by the witness to have been driven by the defendant. Such evidence tended to connect the defendant with a burglary. She further testified that she then and there wrote the number on a piece of paper. Over the defendant's objection, the court permitted the state to introduce this memorandum in evidence.

■ The court held this ruling to be erroneous, stating:

"The rule declared in Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am.Rep. 54, in this connection is that if the witness testifies to facts within his knowledge and memory, although refreshed by the memorandum, the memorandum is not admissible. It is admissible when after consulting it, she still does not remember the facts, but that she wrote the memorandum at the time of the occurrence, and knew it was correct when she wrote it. Sovereign Camp, W. O. W. v. Screws, 218 Ala. 599, 119 So. 644."

Here the net effect of admitting the transcription prepared by Miss Harrington was to bolster the oral testimony of Detective Beeker by documentary evidence not even prepared by Beeker.

■ Nor do we consider that the introduction of the transcript was not prejudicial to this appellant. The transcription was admitted with the approval of the court. Undoubtedly in the jury's mind some verity must thereby have attached. Gordon v. State, 34 Ala.App. 278, 41 So.2d 608, supra. A clear statement of the reasons showing the prejudicial effect of the admission of the transcript is to be found in State v. Cleveland, 6 N.J. 317, 78 A.2d 560, 23 A.L.R.2d 907:

"* * * where the transcribed statement is not read by or to the accused and that he does not sign it or otherwise acknowledge its correctness the oral testimony of witnesses, and not the transcript, is the only admissible evidence of the purported confession * * *

*　　*　　*　　*　　*　　*

"The admission of the writing being error, we have little difficulty in concluding it was also prejudicial. True, on a retrial, the stenographer might testify to substantially everything contained in the written statement, but we are inclined to the view that the writing shears the balance of the oral testimony in the case

of the weight it would otherwise have and is erroneous because: 'A thing in writing carries, particularly with the layman, a weight of its own. When the jury withdrew, they took with them their recollection of the defendant's testimony and their recollection of Jacobson's testimony and, in addition, this exhibit which not only was a thing in writing, but, because of the fact, was a present and constant reminder to the jury of its contents. It may have been the fulcrum upon which the verdict turned.' Springer v. Labow, 108 N.J.L. 68, 155 A. 476, 477 (Sup.Ct.1931)."

Counsel for appellant argues that the Court of Appeals erred in holding that no error resulted in the admission of the Docket Sheets of the Jefferson County Criminal Court showing (1) appellant's arrests under peace proceedings instituted by the deceased against appellant, but dismissed because the deceased would not appear as a witness; (2) the placing of the appellant under security to keep the peace in one proceeding initiated by the deceased, and (3) prior conviction of the appellant for assault and battery on the deceased, as testified to by the appellant on his cross examination.

The Court of Appeals holds all of the above evidence admissible as tending to show threats by the appellant against the deceased, and as showing ill will between the parties, and motive.

■ The mere arrests of the appellant in the peace proceedings where the proceedings were begun on complaint of the deceased but later dismissed because of her refusal to appear as a witness, cannot be deemed to possess any probative value, or materiality to the present prosecution, and the admission of evidence of this nature was erroneous and prejudicial.

■ We think the evidence of appellant being placed under a peace bond at deceased's behest was properly admitted.

■ This for the reason that under a large number of our decisions it has been held that prior threats by a defendant against the party killed or injured constitutes competent evidence as tending to show malice and ill will on the part of the defendant toward the injured party. Blue v. State, 246 Ala. 73, 19 So.2d 11; Shelton v. State, 217 Ala. 465, 117 So. 8; Rector v. State, 11 Ala.App. 333, 66 So. 857; Pulliam v. State, 88 Ala. 1, 6 So. 839.

Prior threats by a defendant against a deceased being competent in a homicide prosecution, it would be anomalous to conclude that evidence showing that the defendant had been placed under security to keep the peace toward the deceased, after a hearing before a magistrate, had on the complaint of the deceased, did not tend to show ill will between the parties. The very basis of such complaint and proceedings are threats made by the defendant against the deceased. Sections 401, 408, Title 15, Code of Alabama 1940.

We are aware that in Helms v. State, 254 Ala. 14, 47 So.2d 276, this court held that it was error to permit the introduction of evidence showing that a defendant had been placed under a peace bond in peace proceedings instituted by a third party, and not by the deceased. The court wrote:

"In permitting proof of the fact that the defendant had been placed under a peace bond, *in a proceeding with which the deceased was not shown to have been connected*, the trial court committed reversible error." (Italics ours.)

The court also held that such evidence could not be elicited from the defendant on cross examination on the theory that such evidence would tend to affect the credibility of the defendant as a witness since one who is required to give security to keep the peace "is not convicted of any offense, much less one involving moral turpitude." Under the provisions of Sections 434 and 435, Title 7, Code of Alabama 1940, a witness may be examined touching his conviction for crime,

but only if such crimes involve moral turpitude.

But in the present instance we are not concerned with whether peace proceedings adjudged the defendant guilty of any crime involving moral turpitude, or any crime at all, but only with whether the fact that the defendant had, at the instigation of the deceased, been placed under a peace bond, reasonably tended to show ill will between the defendant and deceased. We hold that it does, and that such evidence was properly admitted.

 No error resulted from eliciting from the appellant on cross examination the fact of his former conviction for assault and battery upon the deceased. Such testimony came in without objection, and tended to show ill feeling between the parties. Further, conviction of another and former crime is admissible if it reasonably tends to show a motive for the crime for which an accused is on trial. Vincent v. State, 231 Ala. 657, 165 So. 844; Patterson v. State, 243 Ala. 21, 8 So.2d 268.

Counsel for appellant further argues that the Court of Appeals erroneously disregarded the rules of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in considering the admissibility of appellant's confessions. The trial of this case was completed and judgment pronounced on 13 January 1964. *Miranda* therefore had no application in the present trial. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

In event of another trial, we wish to note, however, in regard to the testimony of Sheriff Brewer regarding the purported confession made by appellant to him, that the Court of Appeals, 44 Ala.App. 33, 202 So.2d 48, wrote:

> "There was obviously no attempt to reduce the statement made by appellant to Sheriff Brewer to writing, nor to have the several deputies standing around the automobile take epecial notice of what appellant said * * *"

We interpret the above as a finding by the Court of Appeals that persons other than Sheriff Brewer were present at the time the appellant made the statement to Brewer.

This being so, the predicate for the introduction of appellant's confessory statement to Brewer was faulty in not showing that the others present offered no hope, or threats to the appellant to induce the statement.

Reversed and remanded.

All Justices concur, except COLEMAN, J., not sitting.