BOWEN W. SIMMONS, Retired Circuit Judge.
Jury conviction of defendant was for rape; sentence: twenty-four years imprisonment.
The victim of the alleged rape was about twenty years of age and was unmarried at the time. The offense took place in Montgomery County on August 11, 1976.
It appears from the evidence that the victim and a female companion, who was *1155 two years younger, were accosted by defendant on, or near, a railroad track about 9:30 a. m. They were ordered to proceed a short distance to a certain point, where they entered some bushes. The defendant had a rifle in his possession which he pointed in the direction of the victim and her companion when he ordered them into the bushes. He tied the companion’s legs and tied a cloth over her mouth. He then proceeded further into the bushes with the victim and raped her.
The companion, who was not raped, untied her legs and escaped. Defendant came back looking for her, but to no avail. He fired his gun once during the search, then directed the victim to follow him.
The next stop was at a bridge, some distance away, where he had sex with her again, against her will and consent. They then proceeded to a point behind Smiley Court Apartments where the third sex contact occurred. All three acts took place between 9:30 a. m. and 2:00 p. m., or a short time before. The victim managed to get away from defendant at Smiley Court, but not before a second shot was fired as will hereafter appear.
I
It appears that defendant signed an in-culpatory instrument, Exhibit No. 13, which was read into the record (Tr. 24) after proper predicate.
The signed instrument contained the following:
“ . . . Question: Did you shoot your gun in Smiley Court this day? Answer: Yes, I did. Question: Who did you shoot at? Answer: I believe it is Quinne Jackson. Question: Why did you shoot at her? Answer: Because she told me she would die and go to hell before she would let her daughter marry me. Question: Where was the girl that you got off the tracks at this time? Answer: She was with me at the time of the shooting . . .."
Defendant objected to the admission in evidence of the confession because it included the quoted part, supra. He contended it referred to a different and distinct offense, evidence of which was not admissible.
We conclude that the objection had no merit and was properly overruled. The incident was a part of the res gestae.
We have read the entire record which indicates that the shooting took place at Smiley Court while the victim was under his direction and control; and, was where the third rape took place. Being a part of the res gestae, the evidence was admissible. Hobbs v. State, 75 Ala. 1; Boggs v. State, 268 Ala. 358, 106 So.2d 263(3); Vol. 6, Alabama Digest, Criminal Law, >§=>365(1).
II
The next contention is that the in-culpatory statement was inadmissible because it was obviously made in connection with a kidnapping charge which had been placed against the defendant. There is nothing in the record that we can find which supports appellant’s statement in his brief that kidnapping charges were ever placed against the defendant. The words “Subject, kidnapping,” appearing at the top of the confession, was probably the idea of the interrogating officer, that defendant should be charged with kidnapping; but there is nothing to indicate that such a charge was ever placed. The restraint of the victim against her will and the alleged three sexual contacts were interwoven and a part of the same transaction. There was ho error in admitting the statement in evidence, over defendant’s objection.
III
Police officer Huffman testified he saw defendant running through Smiley Court with a rifle which he pointed in his direction; that on such presentation he moved fast and while so retreating, he heard a shot. An objection to this evidence was overruled.
The fact that defendant fired the rifle in the direction of the officer was relevant to show a continuation of his unlawful behav *1156 ior and propensity to shoot. We think the firing was a part of the res gestae. The evidence was admissible. Boggs v. State, supra.
IV
Appellant asserts prejudicial error by the trial court in overruling his timely objections to the admission in evidence of photographs (Exhibits No. 1 & 4) of certain articles — a woman’s purse and a pair of pants; also in admitting a pair of tennis shoes in evidence marked Exhibit 8; and, a pair of plaid pants for a man (Exhibit 9); a jacket (Exhibit 10); a blue shirt, white bra, a pair of women’s pants, and blue denim overalls; all marked Exhibit 11. He contends that proper and sufficient predicate was not laid for such admissions.
The best we can tell from the record, there was an insufficient predicate as to some items, but not all.
It appears from the evidence that these items appearing in the photograph were found at the scene of the first rape (at or near the railroad tracks) on the day of the alleged rape. Some of the other articles were worn by defendant; others by the victim or her companion.
We fail to see how these items in evidence resulted in any prejudicial harm to defendant. Evidence of the victim identified defendant as her assailant; other evidence described the clothes she was wearing. The companion testified as to her presence and restraint by defendant, her ownership of a purse, and her escape.
The defendant did not take the stand, nor did he offer any witness. He signed a voluntary statement, placed in evidence, in which he admitted being at the railroad tracks, his restraint of the girl companion, and his sexual intercourse with the prosecu-trix at three different places. This statement was supportive of the victim’s testimony; and, also supported the testimony of the girl companion. We think ARAP 45 applies. There was no disputed issue of defendant’s identity, or of the sex acts. Defendant did not deny his guilt; in fact his own statement confessed his guilt. The trial court ruled the statement was voluntary; it was undenied before the jury.
We find no prejudicial error in the record. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.