426 So.2d 472 (1982)
Ex parte State of Alabama.
(In re Kenneth Dale DAVENPORT v. The STATE of Alabama)
80-801.
Supreme Court of Alabama.
February 26, 1982.
Charles A. Graddick, Atty. Gen., and Jeffery H. Long, Asst. Atty. Gen., for petitioner.
Kermit Mac Downs, Gadsden, for respondent.
PER CURIAM.
The Court of Criminal Appeals, 426 So.2d 464, reversed the rape conviction of Davenport, and the State brought the case here on a petition for certiorari, seeking reversal of the judgment of the Court of Criminal Appeals, arguing that its decision is in conflict with prior decisions on the admissibility *473 of other acts of rape committed by the defendant on the victim. The State contends that the trial court correctly allowed the evidence as being admissible as a part of a single transaction. We agree and reverse the judgment of the Court of Criminal Appeals.
The facts are extensively set out in the opinion of the Court of Criminal Appeals. Our point of difference with the decision is a narrow one. That court held that the subsequent acts by the defendant and others upon the person of the victim were too remote in point of time (forty minutes) to be admissible under the res gestae rule, saying:
"Whether testimony of the victim as to the combined trespass on her person of the defendant and the two other trusties comes within the res gestae rule or was so inseparably connected with the preceding conduct of defendant must be examined with particular reference to the place, the time and the nature of the crime or crimes involved. The place was the same as to both, but there was a difference of forty minutes between consummation of the first act and the commencement of the concerted conduct relative to the victim by the defendant and the two other trusties. We fail to see that the conduct that the victim said occurred thereafter can logically be said to have been part of `the thing done' theretofore."
We simply disagree and hold that the trial court did not commit reversible error in allowing the evidence under the res gestae rule, stated in C. Gamble, McElroy's Alabama Evidence § 69.01(3) (3d Ed.1977), as follows:
"Evidence of the accused's commission of another crime is admissible if such other crime is inseparably connected with or is a part of the res gestae of the nowcharged crime. This rule is often expressed in terms of the other crime and the now-charged crime being parts of one continuous transaction or one continuous criminal occurrence."
We do not agree that Taylor v. State, 352 So.2d 1154 (Ala.Cr.App.1977), is distinguishable. There the court held, correctly, that the fact that the victim had been raped three times by the defendant between 9:30 a.m. and 2:00 p.m. was admissible as a part of the res gestae.
In all other respects, we agree with the Court of Criminal Appeals. However, its judgment is reversed for the reasons stated above.
REVERSED AND REMANDED.
All the Justices concur, except JONES, J., who dissents.
JONES, Justice (dissenting).
I concur in the opinion of the Court of Criminal Appeals and, therefore, I would affirm.