BOWEN, Presiding Judge.
James Allen Barger, the appellant, was convicted of criminal trespass in the first degree, was fined $1,000, and was sentenced to 12 months’ imprisonment in the county jail. On this direct appeal from that conviction, the appellant argues that the admission of an audio tape recording constituted reversible error because “the substance of the recording had nothing whatsoever to do with the alleged incident, never made reference to the alleged incident, and is in no way connected to what allegedly occurred.” Appellant’s brief at 1. We disagree.
The State presented evidence that the appellant unlawfully entered the residence of his ex-wife, Gloria Lynn Pritchett, around 2:45 on the morning of December 5, 1989. Ms. Pritchett testified that the appellant sat on her bed and “asked me if I *399 would go back with him and he was trying to reconcile.” R. 29. When she refused the appellant’s repeated offers at reconciliation, the appellant pulled a knife and said, “I’m going to have to kill you.” R. 30. Ms. Pritchett testified that the appellant “was saying that he would make sure I lost my job and he threatened my family and friends. And he said that he would burn my house down; that he would ruin my entire life.” R. 30-31. The appellant then left Ms. Pritchett’s residence.
Approximately 15 to 20 minutes after this incident (R. 39), the appellant began telephoning Ms. Pritchett, who did not answer her telephone. However, Ms. Pritch-ett heard the messages being left by the appellant on her telephone answering machine. In those messages, the appellant stated that everyone knew Ms. Pritchett was a “slut” and a “whore,” that her name was written in every bathroom on the campus of the University of Alabama, that the University would be glad when she was gone, that she had a “disease,” that her “life was over,” that all of their friends knew it, that she would “never have no respect in this town,” that she engaged in various sexual practices (which the appellant described with graphic vulgarity), that the appellant had “used her” and had married her only for sex, that everyone “hates your guts,” and that “everyone knows about you.” One of the appellant’s last messages was “die lonely.”
At the time of this incident, Ms. Pritchett was employed by the University of Alabama where she was also a full-time student.
The indictment charged that the trespass was committed with the intent to commit either murder, assault, or rape, or murder, assault, and rape. In permitting the admission of the tape recording, the trial judge stated that “it shows nexus and shows mental state and motive and intent.... Just the whole thing put together. It shows intense emotion and shows that he had an intent toward her and he was — had some reason to feel like he was wanting to do her harm.” R. 36-37.
The tape recording was properly admitted into evidence.
“Any indications of a consciousness of guilt by a person suspected of or charged with crime, or who may after such indications be suspected or charged, are admissible evidence against him. The number of such indications it is impossible to limit, nor can their nature or character be defined. Presumptions or inferences may be, and often are, founded on circumstances which, of themselves, independent of the accusation, would not be ground of crimination. It is largely a question of fact, rather than a question of law, for the determination of the jury, whether particular conduct, or particular expressions of the accused, refer to a criminal offense, and spring from his consciousness of guilt. When it is clear that they have no relation to the offense, and that they ought not to have any influence with the jury, it is the duty of the court to reject them as evidence. But however minute or insignificant they may be, shedding but a dim light upon the transaction, if they have a tendency to elucidate it they must be admitted. They may be connected with other circumstances which will constitute a chain of evidence, leading the mind to a satisfactory conclusion.”
McAdory v. State, 62 Ala. 154, 159-60 (1878).
It is reasonable to conclude that the appellant’s messages left on the answering machine were a continuation of the threats the appellant had earlier made to his ex-wife. See Davenport v. State, 426 So.2d 472, 473 (Ala.1982). See also McManus v. State, 36 Ala. 285, 292 (1860) (in prosecution for murder, subsequent threat by defendant to kill the deceased admissible to show the hostile spirit under which the defendant acted), modified on other grounds, Harrington v. State, 83 Ala. 9, 3 So. 425 (1888). “ ‘ “If an accused is charged with a crime that requires a prerequisite intent ... then prior or subsequent criminal acts are admissible to establish that he had the necessary intent when he committed the instant crime.” Jones v. State, 439 So.2d 1308, 1310 (Ala.Cr.App. *400 1983).’ Minshew v. State, 542 So.2d [307,] at 310 [ (Ala.Cr.App.1988) ].” Minshew v. State, 594 So.2d 703, 713 (Ala.Cr.App.1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.