231 So.2d 107

**Charles Edward Lee TELL, Alias**

**v.**

**STATE of Alabama.**

**6 Div. 690.**

Supreme Court of Alabama.

Jan. 22, 1970.

Rehearing Denied Feb. 19, 1970.

Thomas Seay, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MADDOX, Justice.

Defendant was indicted for the rape of a twenty-seven year old woman in Jefferson County. He entered a plea of not guilty, was tried and the jury returned a verdict of guilty and fixed his punishment at death. After being sentenced to death, he filed notice of appeal, which is here under the automatic appeal law applicable to cases where the death sentence is imposed. Act Number 249, approved June 24, 1943, General Acts of Alabama, 1943, p. 217; Title 15, § 382(1), Code of Alabama, 1940 (Recompiled, 1958).

We will not set out all the evidence in view of the fact that we find it necessary to reverse and remand for a new trial. Briefly, the evidence showed that the victim went to her babysitter's house at about 11:00 P.M. on April 16, 1968, to get her child, and she noticed a car stop across the street from her and a colored male get out and stand by the car. She got her three year old child and returned to her car. She did not see the colored male upon returning to her car, but as she was putting her child in the car, the colored male, who she later identified to be the accused, stuck a pistol in her mouth and told her to get into the car. During the next two or three hours, the victim testified that she was forced to give the defendant approximately seven dollars of her money, that the defendant forcibly ravished her on three separate occasions during the time and on one occasion forced her to commit an unnatural sex act upon him, all of which occurred in her car and in the presence of her small child. When she returned to the vicinity of her babysitter's house, she testified that she memorized the tag number on the automobile which was still parked in the same spot where she had first seen the accused get out of the car. This tag number was given to the police the next day and arrangements were also made to have the victim's telephone monitored. A telephone call which was made to the victim and traced to the accused led to his arrest.

We consider the testimony of Detective Albert Wallace and James Alto Jones relative to the tag number on the automobile to be prejudicial.

Detective Wallace testified that the tag number given to him by the victim was the same as the tag number on a car on which the Department had a "stolen report."[1]

James Alto Jones was called and testified that the car was owned by him

---

[1] "Q. Now, did you have occasion to talk to the—Mrs. Laura Marian Todd?
A. Yes, sir.
Q. When and where was that?
A. That was on the morning of the 17th at a girl-friend's home.
Q. Whose home is that?
A. I don't recall her name.
Q. Is it the young lady that is out in the witness room now?
A. Yes, sir.
Q. What part of town was it in?
A. In East Lake.
Q. In East Lake?
A. Yes, sir.

Q. At that time, did she give you a piece of paper?
A. Yes, sir.
Q. With the tag number on it?
A. Yes, sir.
Q. What did you do with the tag number? Did you look at it?
A. Yes, sir.
Q. What was the tag number?
A. IA 73982
Q. All right. Now, were there any records in the City of Birmingham concerning that tag number, the automobile with that tag number at

and that he had reported to police that the automobile had been stolen. While there was no objection to this evidence interposed at the trial and while this matter was not brought to our attention in the brief of counsel, we consider this unnecessary. In death cases, we consider any testimony that was seriously prejudicial to the rights of the appellant and we may reverse thereon even though no lawful objection or exception was made and even though our attention is not called to the matter in brief of counsel. Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965).

■ The evidence here aJ out the "stolen" automobile is strikingly similar to evidence of a "stolen" pistol which we held prejudicial in a death case in Boggs v. State, 268 Ala. 358, 106 So.2d 263 (1958). As we said there, we cannot possibly probe into the mental processes of the jurors to ascertain whether and to what extent the incompetent evidence about the "stolen" automobile had in influencing the exercise of their discretion in fixing the punishment. We are not willing to say that it did not have some influence on them, thus affecting the substantial rights of the appellant.[2]

The judgment is reversed and the cause remanded to the circuit court for a new trial.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

that time? Well, what did you do with it?
A. I called the Bureau and checked the tag number and found out there was a stolen report on it.
Q. A stolen report?
A. Yes, sir.
Q. Now, who—to whom was the tag issued, do you recall?
A. I believe his name was James Jones.
Q. Have you seen a young man out there in the witness room?
A. Yes, sir."

2. In addition to the evidence of the "stolen automobile" the following testimony was given by Police Detective Charles Robert Jones concerning the arrest of the defendant:
"Q. Tell us what happened. Did you see the Defendant there?
A. Yes, sir. As I entered the bay, or set of stairs going up, I looked up, and the Defendant saw me—*I had talked to him previously, on another cases,* and he recognized me.
Q. You could see he recognized you when your faces met?
A. Yes, sir." (Emphasis added)