292 So.2d 132

**Fletcher McMULLIAN, alias**

**v.**

**STATE.**

**6 Div. 357.**

Court of Criminal Appeals of Alabama.

March 19, 1974.

## AFTER REMANDMENT

In compliance with the majority opinion in Supreme Court of Alabama we have re-examined the entire record in the light of the application of the principles of error without injury laid down in Supreme Court Rule 45 and Code 1940, T. 15, § 389.

These read as follows:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." -Sup.Ct. Rule 45

" * * * But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."–T. 15, § 389

We note that the witness Julius Johnson was one of two prosecution witnesses (along with his mother) who identified appellant as being with two others. These three were outside the house of the deceased, Jim Johnson, Jr., at night under a light pole shooting into the elder Johnson's house. Julius Johnson returned fire and observed McMullian.

There was a serious dispute between State and defense testimony as to whether the street light was on. This, of course, went to the identification of the appellant as being at the scene. Julius Johnson and his mother were the only two persons to so identify Fletcher McMullian.

This problem of the illumination vel non was argued to the jury; apparently in strenuous fashion, for at least one objection to argument was taken by defense counsel—viz:

"MR PURVIS: . . . . To say that light was not burning is to say this: That Idellar Johnson lied to you, that Annie Mitchell lied to you, that Tom Swatek lied to you and that Mr. Patterson, who took that picture, lied to you.

"MR. SHEFFIELD: May it please the Court, excuse me, Mr. Purvis. I object to his including Mr. Swatek in the group of people who would have lied because in particular he had no testimony to give with reference to that light.

"MR. PURVIS: Well, you remember the evidence. I withdraw that part of my argument.

"THE COURT: He's withdrawn it."

The trial occurred before Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346. The jury under the oral charge had before it verdicts of first and second degree murder, voluntary manslaughter and not guilty. Additionally, the judge properly directed panel as to the range of punishment they might fix under the three possible findings of guilt. In this context the jury set punishment at forty years imprisonment after finding McMullian guilty of second degree murder.

Our Supreme Court adopted Rule 45 June 23, 1913, 175 Ala. at XXI. Thus we were freed from the presumption of injury doctrine some six years before Congress amended § 269 of the Judicial Code of 1911. However, our language is " * * * has probably injuriously affected substantial rights of the parties" whereas the Federal statute said, ". * * * without regard to technical errors * * * which do not affect the substantial rights of the parties."

Borrowing verbatim from FRCP 61 our Supreme Court—for civil actions—has adopted tests (1) "inconsistent with sub-

stantial justice" and (2) "not affect the substantial rights of the parties." The committee commentary equates Rule 61's policy with that of Supreme Court Rule 45.

However, the tests of "no other reasonable jury" or "exclusion of improperly admitted evidence" or "admission of evidence improperly rejected" do not appear to be implicit in the wording of Rule 61. See Moore's Fed.Practice, § 61.03 f.n. 4.

Federal Rule of Criminal Procedure 52 reads in pertinent part:

"(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

See also, Vanderbilt's, Minimum Standards of Judicial Administration, Appendix A, p. 559, as to the three formulations of the effect of error: (A) no other reasonable jury test; (B) miscarriage of justice or adverse affect on substantial right; or, (C) presumption of injury from error. See Maxwell v. State, 89 Ala. 150, 7 So. 824.

Under the instant charge of first degree murder and the oral charge, it was within the sole discretion of the jury (a) to find McMullian guilty of (1) first degree murder; (2) second degree murder; or, (3) manslaughter in the first degree; and, (b) if so, to set his punishment (1) at life imprisonment; (2) imprisonment for not less than ten years; or, (3) imprisonment for not less than one nor more than ten years.

■ As stated in Boggs v. State, 268 Ala. 358, 106 So.2d 263 (a death case):

" * * * We cannot possibly probe into the mental processes of the jurors to ascertain whether and to what extent the incompetent [here interpolate—the excluded] testimony actually had in influencing the exercise of their discretion in fixing the punishment. We are not willing to say it did not have some influence on them, thus affecting the substantial rights of appellant."

See also Hinton v. State, 280 Ala. 48, 189 So.2d 849; and Tell v. State, 285 Ala. 234, 231 So.2d 107.

Admittedly, if we were to apply the "no other reasonable jury" test—see Reed v. State, 237 Miss. 23, 112 So.2d 533; or, Rex v. Haddy, (1944) K.B. 442—we would, on the basis of the testimony set forth by Mr. Justice Faulkner, necessarily affirm. But under Rule 45 we must assess whether or not an admitted error has *probably* affected injuriously the right to cross examine to probe for bias. Even were this witness to have answered in the negative such an extension of the doctrine of nonhatred might have affected to some degree the credibility which the jury might have accorded his entire testimony.

No small part of our consideration has been predicated on the dual role of the jury. This process was not known to the Common Law. Jury set punishment nearly verges on sub-autonomous delegation of a legislative power. Hence, to keep the process within a judicial framework it is necessary to set rigid bounds. Thus, it is familiar that a judge may not charge as to the rules of the parole authorities.

■ In view of what we consider to be the settled interpretation of Rule 45 and of the importance of the right of cross examination we adhere to our earlier view, i. e., there was a probability that the court's error injuriously affected a substantial right of the defendant.

The judgment below is due to be reversed.

Opinion extended; reversed and remanded.

ALMON and TYSON, JJ., concur.

HARRIS, J., concurs in result.

DeCARLO, J., recuses self.