This is an appeal from an indictment and conviction of burglary in the second degree wherein sentence was fixed by the trial court at eight years' imprisonment. At trial and on appeal the appellant is represented by court appointed counsel.
Sometime after ten o'clock on the morning of the 13th of January, 1977, the residence of Mr. and Mrs. William W. Taylor, Jr., of Mobile, Alabama, was broken into and ransacked. Mrs. Elaine Berman, a neighbor of the Taylors, testified that after two male strangers came to her door she telephoned the police.
Officer Otis Porter responded to Mrs. Berman's call and went to the Taylor residence. As he made his way beside a fence behind the Taylor home he observed Marion Jackson Adams and the appellant come out of the back of the house. Officer Porter chased and captured Adams but the appellant escaped.
The appellant's common law wife testified that the appellant was with her that morning in a motel room until around 10:30 A.M. She stated that around eight or nine o'clock Adams came to their room and left by himself.
Adams testified that he had already confessed to and been sentenced for committing this burglary. He stated that the appellant was not with him but that another friend of his participated in the burglary.
 I
The appellant alleges that his motion for a mistrial was due to be granted *Page 1126 
because of the improper cross examination of a defense witness by the prosecutor.
During the state's cross examination of Mrs. Luker the following occurred:
 "Q. Have you ever been a patient at the Gateway Drug Treatment Center?
 "MR. PENNINGTON (Defense Counsel): Object, Your Honor.
"THE COURT: Sustained.
"MR. PENNINGTON: Now, Your Honor —
 "THE COURT: And grant the motion to exclude that, and ask the jury to disregard the statement.
 "MR. FIGURES (Assistant District Attorney): That's all I have, Your Honor."
The witness was excused and defense counsel moved for a mistrial on the grounds of this question and because the prosecutor allegedly openly displayed before the jury a photograph of the witness in some way connecting her with the Gateway Drug Treatment Center.
The trial judge then had the jury sworn in and cautiously examined them to determine whether there was any juror who would not be able to disregard the question. Each juror was polled separately. From the court's instructions and the answers of each juror it is clear that the question could be disregarded and would not affect his decision.
The rule in this regard was recently stated in Woods v.State, Ala.Cr.App., 344 So.2d 1225, 1229 (1976).
 "If the trial court acts promptly to impress upon the jury that improper questions and improper statements are not to be considered by them in their deliberation the prejudicial effect of such remarks is removed. (Citations omitted) "Improper questions which are not answered are harmless." (Citations omitted)
It is our conclusion that the action of the trial court removed the prejudicial effect of the prosecutor's question. Because of our decision it is unnecessary for us to determine the effect of the use of drugs by a witness upon his testimonial competency and credibility, although it is generally recognized that drug use per se does not render a witness incompetent. 65 A.L.R.3d 705, Annotation: Use of drugs as affecting competency or credibility of a witness.
 II
In cross examining defense witness Adams, the Assistant District Attorney asked him if he had been convicted of possession of marijuana. Defense counsel objected because possession was not "the proper form of conviction". Upon the assurance of the Assistant District Attorney that possession did involve moral turpitude, the trial judge overruled the objection of defense counsel. The witness then indicated that he had been convicted for possession. Error is now alleged on the trial court's ruling.
The state has cited no case which declares the offense of possession of marijuana to be a crime involving moral turpitude. We have been unable to find any.
In Gholston v. State, Ala.Cr.App., 338 So.2d 454 (1976), this court held that the offense of selling marijuana was a crime involving moral turpitude. In Hatchett v. State, Tenn.Cr.App.,552 S.W.2d 414 (1977), the Court of Criminal Appeals of Tennessee held that:
 "The simple possession of marijuana is a misdemeanor. T.C.A. § 52-1432 (b)(1). This is not a crime involving moral turpitude, or a crime of such a character that the conviction itself would discredit the testimony of the defendant. There is no connection between the use or possession of marijuana and the veracity of a witness." Hatchett, at 552 S.W.2d 415.
Some jurisdictions allow the conviction of possession to be used for impeachment purposes where the conviction is a felony.People v. Anders, Colo.App., 559 P.2d 239 (1976); Albertson v.State, 89 N.M. 499, 554 P.2d 661 (1976); People v. Von Latta,258 Cal.App.2d 329, 65 Cal.Rptr. 651 (1968). However these cases did not decide whether the felony of possession involves moral turpitude. We may only conclude from the *Page 1127 
prevailing case law that the misdemeanor crime of possession of marijuana for personal use does not involve moral turpitude.
We need not decide whether the felony of possessing marijuana involves moral turpitude under the circumstances of this case. It is clear that even if moral turpitude is not involved in that felony, the question and answer were harmless to the appellant in view of the other convictions which the state used for the impeachment of witness Adams. Rule 45, Alabama Rules of Appellate Procedure.
In cross examination of this witness the state showed that he was presently in the state penitentiary; that he had previously told an investigator that he didn't want to testify in the appellant's case because "I'd made other statements when I was arrested and I figured it (his present testimony) would be contradictory to what I would be saying then"; that Adams was convicted of grand larceny, of several burglaries, of assaulting a police officer, and of forgery. The witness volunteered that he had been charged for escape and on direct examination admitted having pled guilty to the burglary of the Taylor house and having been convicted of "various other crimes of a like nature", and other burglaries.
Thus, even if the impeaching testimony of the conviction of possession of marijuana was improper, it was not prejudicial in view of the fact that the witness was otherwise discredited. Applying the doctrine of harmless error with caution we note that the evidence of the appellant's guilt was strong. Boyd v.State, 50 Ala. App. 394, 279 So.2d 565 (1973). The fact that witness Adams was convicted of possession adds nothing to the state's case and, in view of the other impeaching convictions, does not injure or prejudice the appellant. Considering all reasonable probabilities, the result would not have been materially, or even slightly, more favorable to the appellant had the error not occurred.
We recognize that the rule of harmless error is not a remedy for the blunders of the prosecutor which substantially harm or impair the rights of the accused. Yet we fail to see how the appellant was injured in this case. The damage was inflicted by legal and competent impeaching evidence.
We have carefully reviewed the record and finding no error affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.