Bobby Lee Ward's conviction of murder in the second degree was affirmed by the Court of Criminal Appeals. Ward v. State,497 So.2d 571 (Ala.Crim.App. 1986). We granted certiorari to review the issue whether the trial court cured any error resulting from prosecutorial remarks made during closing argument. We find that it did not; therefore, we reverse.
The facts pertinent to this appeal are: Bobby Lee Ward was indicted for murder in the first degree. At trial, the State called two eyewitnesses to the alleged murder, both of whom testified that a dispute had occurred between Ward and the deceased immediately prior to the shooting. One of the witnesses stated that the fatal shot was fired during a struggle between Ward and the deceased. The defendant did not present any evidence at trial; rather, following the close of the State's evidence, he rested his case, relying on the testimony of the State's witnesses to prove his claim of self-defense.
During the State's closing argument, the following occurred:
 "MS. HOLLIS (PROSECUTOR): Did you hear one voice, one voice from that witness stand say `I thought Donald Underwood was going to hurt him'?
 "MR. PARKER: Objection to that statement, Your Honor, please. First of all, that the jury is not to consider that statement. That statement violates the Alabama Constitution.
 "THE COURT: Ladies and gentlemen, don't consider that statement made in your consideration of this case.
 "MR. PARKER: Next, I will move for a mistrial, because that has so prejudiced this case that we are entitled to another trial on this case.
"THE COURT: Overruled."
The defendant was convicted of second degree murder. Ward contends that this statement by the prosecutor was a comment on his failure to testify and that the trial court failed to properly cure the resulting prejudice. Therefore, Ward maintains that he should have been granted a mistrial, and he asks that this Court reverse the judgment and remand the cause to the Court of Criminal Appeals.
In Beecher v. State, 294 Ala. 674, 682, 320 So.2d 727, 734
(Ala. 1975), this Court held that § 6, Const. of 1901, is violated "where there is the possibility that a prosecutor's comment could be understood by the jury as reference to the failure of defendant to testify." The Beecher Court *Page 576 
held that, pursuant to § 6, Const. of Ala. of 1901, the standard used for reviewing the admission of illegal evidence under Hubbard v. State, 283 Ala. 183, 215 So.2d 261 (1968), reversed on other grounds, Hubbard v. Alabama, 408 U.S. 934,92 S.Ct. 2851, 33 L.Ed.2d 747 (1972), modified and affirmed on remand, Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (1973), should also be used as the test for reviewing improper prosecutorial comment. The standard set out by Hubbard v. State
for reviewing the introduction of illegal evidence is not whether the evidence did influence the jury, but whether it might have influenced the jury in arriving at the verdict. Therefore, the holding of Beecher, was:
 "[Where] there exists the possibility that the prosecutor has commented in such a manner that the jury may understand it as a comment on the defendant's failure to testify, it is for the trial court to cure this violation of prosecutorial duty by prompt and vigorous instructions to the jury informing them of defendant's right not to be compelled to testify and that they may draw no presumption from his decision not to testify." 294 Ala. at 683, 320 So.2d 734, 735 (footnote omitted).
In this case the issue is whether the violation by the prosecutor was cured by the trial court's remarks to the jury.
In Ex parte Whitt, 370 So.2d 736 (Ala. 1979), this Court established a standard to be applied in testing the "cure" in "direct comment" cases:
 "We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include [instructions] that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt." 370 So.2d at 739.
The Court of Criminal Appeals, however, failed to apply theWhitt standard to the present case. Instead, that court presumed the trial court's instructions to be sufficient to cure any prejudice. We disagree and hold that the trial court's instructions to the jury did not cure the prejudice created by the prosecutor's improper remarks; therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause to that court.
REVERSED AND REMANDED.
All the Justices concur.