Lowery Dale Wilson was convicted for the unlawful possession of Alprazolam and Triazolam in violation of the Alabama Controlled Substances Act. Sentence was fifteen years' imprisonment as a habitual offender and a $1,500 fine.
The trial judge committed error in allowing the State to impeach the defendant's credibility by showing that he had a 1982 felony conviction for the possession of marijuana because that crime does not involve moral turpitude. Ex parte McIntosh,443 So.2d 1283 (Ala. 1983); Neary v. State, 469 So.2d 1321
(Ala.Cr.App. 1985). That error was not harmless.
Early on the morning of November 22, 1984, Florence Police Officer Berry Wayne Curtis and his partner stopped the defendant for a routine traffic offense. The defendant was intoxicated. Mike Balentine, the passenger in the defendant's car, was "almost passed out." Both men were handcuffed with their hands behind their backs and placed in the patrol car. The defendant managed, on two separate occasions, to get his handcuffed hands out from behind his back and in front of him. Balentine's hands remained cuffed behind his back. Officer Curtis testified that he "saw [the defendant] reach around him with his hand and go into his left-front pocket and remove a bottle of pills and throw them in the floorboard."
The defendant testified in his own behalf and presented other witnesses in an attempt to prove that the pills were Balentine's and not his. The defendant testified that he saw Balentine remove the pills from his sock and kick them under the seat, even though Balentine never pulled his hands out in front of him.
Balentine testified as a defense witness. He would not admit that the pills were his, claimed the "Fifth Amendment," and would not state that the pills belonged to the defendant. *Page 206 
In giving his oral instructions to the jury, the trial judge stated:
 "You may consider the prior conviction of the Defendant. Now, he's not on trial for being a bad person. He's charged with a specific crime. It's your job to determine from the facts whether or nothe has committed that crime. The prior conviction was allowed into evidence as character-type evidence, so you may judge his character and his credibility with regard to the testimony he has given."
The Attorney General argues that "the evidence of Appellant's guilt was overwhelmingly established and the prejudicial effect, if any, from the use of the prior drug offense to impeach Appellant was miniscule by comparison." Appellee's brief, at page 8. We disagree.
The defendant's trial began on the afternoon of one day and the case was submitted to the jury on the afternoon of the next. The jury began its deliberations sometime after 3:35 p.m. They returned at 5:30 p.m. with the question, "Could the police report have been introduced as evidence in this case?" The trial judge answered this question and the jury continued to deliberate until 5:40 that afternoon when they were dismissed for the day because "a majority want[ed] to go home." The next morning the jury deliberated from 9:00 until 11:10 when they reached a verdict finding the defendant "guilty as charged."
Under the evidence and trial strategies employed, the only issue was who actually possessed the drugs — the defendant or Balentine. The resolution of this issue was based upon the jury's assessment of the credibility of the witnesses. Considering the fact that the trial was neither complicated nor lengthy, the length of the jury's deliberations is some indication that theirs was not an easy choice and that the evidence against the defendant was not overwhelming.
Under Rule 45, Alabama Rules of Appellate Procedure, "an appellant must not only show error but must also demonstrate that such error was probably injurious." Kennedy v. State,291 Ala. 62, 65, 277 So.2d 878 (1973). Compare Ex parte Johnson,507 So.2d 1351, 1356 (Ala. 1986), a capital case wherein our Supreme Court stated that "the proper inquiry here is not whether evidence of the defendant's guilt is overwhelming, but, instead, whether a substantial right of the defendant has or probably has been adversely affected."
"The standard . . . for reviewing the introduction of illegal evidence is not whether the evidence did influence the jury, but whether it might have influenced the jury in arriving at the verdict." Ex parte Ward, 497 So.2d 575, 576 (Ala. 1986).
We recognize the principle that "[w]hen the evidence of the defendant's guilt is strong, the defendant must show that the trial court's error was prejudicial." Ex parte Harris,428 So.2d 124, 125 (Ala. 1983). The defendant has carried that burden. "Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue." Ex parte Cofer, 440 So.2d 1121,1124 (Ala. 1983).
Here, the evidence was in conflict as to who possessed the drugs. Permitting the defendant's impeachment by a prior conviction for the felony possession of marijuana "certainly imparted more credence" to Officer Curtis' account of the events. Ex parte Thompson, 376 So.2d 766, 768 (Ala. 1979).
In Luker v. State, 361 So.2d 1124, 112627 (Ala.Cr.App.), cert. dismissed, 361 So.2d 1127 (Ala. 1978), this Court held that the use of a felony conviction for the possession of marijuana to impeach the accused constituted harmless error because the accused was "otherwise discredited" by "other impeaching convictions." Luker, 361 So.2d at 1127. That case is distinguished from the present case for two significant reasons. First, Luker involved a prosecution for burglary and not for the unlawful possession of controlled substances. Second, in Luker, there were other impeaching convictions (grand larceny, several burglaries, assaulting a police officer, forgery). *Page 207 
Here, the defendant had no other felony convictions.
In view of the fact that this single error requires a reversal of the judgment of the circuit court, we do not consider the other three arguments raised by the defendant. The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.