Ammon Weaver petitions this Court for a writ of certiorari to the Court of Criminal Appeals in a burglary case. The facts of the case are explained in the opinion below and warrant no further discussion here. The issue is whether the trial court erred in admitting expert testimony regarding Weaver's fingerprint card.
Deputy Mark Sloke, the identification officer who testified on behalf of the state, examined the latent fingerprints found at the scene of the burglary. He developed a latent fingerprint from a gun scope box that matched that of Weaver's left ring finger. Weaver did not object when Sloke testified that he had compared the latent print to the known print card. He did not object when the latent print, which was marked as State's exhibit number 7, or when the known print card, State's exhibit number 8, was admitted into evidence. Weaver's only objection was as follows: "Your honor, my objection would be how does he [Sloke] know that this known fingerprint *Page 259 
card is the fingerprints of Mr. Weaver [sic]?"
As the Court said in Bland v. State, 395 So.2d 164, 168
(Ala.Cr.App. 1981):
 "The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved."
Weaver alleged the following as the sole basis for his petition for certiorari:
 "The Defendant submits that in the instant case, the State improperly offered the Defendant's fingerprint card which was put into evidence over objection. The fingerprint card shows that the Defendant had previously been charged with the offense of burglary in the third degree."
Although the reference on the card to Weaver's previous burglary was a proper basis for objection, no objection on that basis was offered at the trial. The rule was stated in Ex parteJohnson, 507 So.2d 1351 (Ala. 1986), as follows:
 "This court has held that in order to preserve error from the admission of identification material with evidence of a criminal record on the back, an objection specifically detailing the error must be made; otherwise, the error is not preserved for appellate review."
507 So.2d at 1353, citing Dorsey v. State, 406 So.2d 457
(Ala.Cr.App. 1981). Because the basis for the objection was not made so as to allow the trial court to make an informed decision on this point of law, the error was not preserved for review.
This Court notes the reliance on Bighames v. State,440 So.2d 1231 (Ala.Cr.App. 1983), in the opinion below. The standard of "harmless error in view of the other evidence against the defendant" in regard to the admission of fingerprint records was expressly overruled in Ex parte Johnson, 507 So.2d 1351
(Ala. 1986). In Johnson the Court said:
 "However, the proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected. Tell v. State, 285 Ala. 234, 231 So.2d 107
(1970), is a prime illustration. In that case the defendant was convicted and sentenced to death for the rape of a 27-year-old woman. The woman was able to identify the defendant as the man who raped her. Even in light of this eyewitness testimony, the Court considered the admission of other testimony tending to show the defendant's prior criminal activity to be so prejudicial as to warrant a reversal of the conviction."
507 So.2d at 1356. For this reason we reject the harmless error rationale employed in the opinion below. Because there is no error preserved for review, however, the decision below is due to be, and is hereby, affirmed.
AFFIRMED.
All the Justices concur.