PATTERSON, Presiding Judge.
The appellant, Eddie Fain, was convicted of sexual abuse in the first degree and was sentenced to ten years’ imprisonment. Ala. Code 1975, § 13A-6-66(a)(3). He appeals, raising two issues. He contends that he was denied effective assistance of counsel during his trial and that the trial court committed reversible error by admitting into evidence hearsay testimony over his timely objection. Because we find it necessary to reverse this case based on the admission of the hearsay testimony, we deem it unnecessary to recite the facts of the alleged offense or to address the ineffective assistance of counsel issue. We note that the ineffectiveness of counsel claim was never raised in the trial court; therefore, review of that issue is precluded, in any case.
The victim of the alleged sexual abuse was the 11-year-old daughter of the appellant. On a date in October 1989, around midnight, the victim knocked on the door of the home of a neighbor, Ms. Nedra Hough-tron, and asked for permission to spend the night. Ms. Houghtron has a daughter, Rachel, who was a friend and schoolmate of the victim. The record shows the following:
“A. [Ms. Houghtron in answer to a question by the prosecuting attorney]: Well, she came knocking on the door about 12 o’clock that night, and I opened the door and she said, is Rachel here?
[[Image here]]
“A. And I said, well, she’s asleep. And she said, can I come in, she said, I want to spend the night. And I said, well, won’t your parents be worried about you? And she said, no, I don’t think so. *565 And I said, well come on in, I think we need to talk.
“Q. [prosecuting attorney]: Why did you think you needed to talk to her?
“A. Because, Rachel had come home from school telling me about—
“PERRY MYER [defense counsel]: Your honor, I’m going to object. This is double hearsay.
“COURT: Overruled.
“A. Rachel had come home from school telling about some things that Robin had said that her daddy had done to her.
“COURT: Let’s let the court reporter come up and Mr. Myer and Mr. Lowe [prosecuting attorney] come up to the bench.
“(AT THE BENCH OUT OF THE HEARING OF THE JURY)
“PERRY MYER: Your Honor, I’m going to object to what the girl told the girl that told her.
“COURT: I understand what you are saying, however, I have reviewed the evidence and I know that basically a complaint was made or being made in a case such as this. The fact that a complaint was made is significant. And I will instruct the jury that this is the only purpose for which this is being given. That it is not evidence of the truth or falsity of the complaint.
[[Image here]]
“(BACK BEFORE THE JURY)
“COURT: Ladies and gentlemen, the evidence that is being allowed now is obviously, and you can tell that it is hearsay evidence. It’s statements made out of court and outside the presence of the defendant. It is being admitted solely for the purpose of showing that a complaint'was made. It’s a matter for you to determine whether it shows whether a complaint was made, and whether or not a complaint was made would be for you to determine whether that has any evidentiary significance to the case. However, whatever was said, it would not be evidence of the truth or falsity of the things that were said, or the things that were complained of. You are entitled to hear whether or not a complaint was made.”
The general rule pertaining to the admissibility of victim’s complaints on behalf of the prosecution in prosecutions for sex offenses is well stated in P. Herrick, 3 Underhill’s Criminal Evidence § 758 (5th ed. 1957), as follows:
“Since the prosecutrix’ failure to complain raises an inference against her, the fact that she did complain may be admitted as a part of the government’s case in chief. Such evidence may be received to negative the inconsistency of silence, or it may in proper cases be admissible as part of the res gestae. The distinction is important.
“Where the complaint is not a part of the res gestae of the crime but is admissible to rebut the adverse inference from silence, only the fact of the complaint, together with the time when and the name of the person to whom it was made, is admissible on direct examination — the details of the complaint are not, and, in particular, the name of the alleged offender may not be proved on the examination in chief.”
See also, C. Torcia, 2 Wharton’s Criminal Evidence § 300 (14th ed. 1986). Alabama follows this rule. See, e.g., Harris v. State, 394 So.2d 96 (Ala.Cr.App.1981); Lawson v. State, 377 So.2d 1115 (Ala.Cr.App.), cert. denied, 377 So.2d 1121 (Ala.1979); Biggs v. State, 331 So.2d 763 (Ala.Cr.App.), cert. denied, 331 So.2d 765 (Ala.1976).
This testimony of Ms. Houghtron as to what her daughter told her the victim had said about what the victim’s father had done to her was inadmissible hearsay. The hearsay rule excludes testimony about a complaint from a person who heard it secondhand. Pinkard v. United States, 99 U.S.App.D.C. 394, 240 F.2d 632 (1957). The trial court’s instructions to the jury in reference to the testimony only exacerbated the error. The court told the jury that it could consider the victim’s statement to Rachel as a complaint and determine its “evidentiary significance” if the jury believed that it was, in fact, made.
*566 Under Rule 45, A.R.App.P., no conviction may be reversed on the ground of the improper admission or rejection of evidence unless, in the opinion of the appellate court, it appears that the error complained of has “probably injuriously affected substantial rights” of the appellant. The appellant must not only show error in the admission or rejection of evidence, but must also demonstrate that such error was probably injurious. Wilson v. State, 520 So.2d 205 (Ala.Cr.App.1988); Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1978). In interpreting Rule 45, the Alabama Supreme Court has stated, “[T]he proper inquiry here is not whether evidence of defendant’s guilt is overwhelming, but, instead, whether a substantial right of the defendant has or probably has been adversely affected.” Ex parte Johnson, 507 So.2d 1351, 1356 (Ala.1986). See also Tell v. State, 285 Ala. 234, 231 So.2d 107 (1970). The standard for reviewing the introduction of illegal evidence is not whether the evidence did influence the jury, but whether it might have influenced the jury in arriving at the verdict. Wilson v. State; Ex parte Ward, 497 So.2d 575 (Ala.1986).
In the instant case, the inadmissible hearsay testimony was incriminating, and it directly connected the appellant to the crime charged. It was inadmissible hearsay evidence of an alleged complaint by the victim that identified the appellant as the accused. It was secondhand evidence and constituted double hearsay. The trial judge erroneously instructed the jury that it could consider the evidence as a complaint if it believed that the complaint was made. In our opinion, the trial court was in error in admitting the evidence, and the error was probably injurious to the appellant. The appellant, in testifying in his own behalf, steadfastly denied the allegations. His conviction hinged on whether the jury believed him or his daughter. It was his word against hers. In this posture, it cannot be fairly concluded that the inadmissible evidence of the victim’s statement to Rachel played no part in the jury’s deliberations. It is true that Ms. Hough-tron also testified without objection that the victim complained directly to her about her father sexually abusing her; nevertheless, we cannot conclude that the inadmissible complaint did not influence the jury in arriving at its verdict. It might have, and for this reason the judgment of the court below is reversed and the cause is remanded. See Wilson v. State; Ex parte Ward.
REVERSED AND REMANDED.
All Judges concur.