Cedric Thomas was indicted for the offense of conspiracy to unlawfully possess a controlled substance, i.e., cocaine, in violation of §§ 13A-4-3 and 13A-12-212, Code of Alabama 1975. Thomas was also charged in a separate indictment with the offense of conspiracy to commit robbery against Sheriff's Officer Gerald Richardson, in violation of §§ 13A-4-3 and13A-8-41, Code of Alabama 1975. Prior to Thomas's arraignment on these charges, Thomas's retained counsel filed a motion to withdraw as counsel in both cases. The trial court granted the motion and informed Thomas that he would need to employ another attorney.
Subsequently, at his arraignment on these charges, Thomas appeared in court without counsel. The trial court advised Thomas that he needed to retain an attorney to represent him, and Thomas advised the court that he waived his right to counsel. Thomas was thereafter arraigned, and he entered a not-guilty plea in each case. The trial court also denied Thomas's affidavit of substantial hardship and ordered the State to provide Thomas with discovery *Page 192 
pursuant to Rule 18.1, A.R.Cr.P. On February 14, 1991, and May 3, 1991, the trial court re-advised Thomas concerning his right to counsel, and Thomas continued to indicate that he wanted to represent himself.
On May 6, 1991, the trial court granted the State's motion to consolidate the two cases against Thomas, and Thomas did not object to the State's motion.
The trial commenced on May 6, 1991, and initially the court engaged in a lengthy colloquy with Thomas concerning his desire to represent himself at trial. Thomas maintained during the colloquy and throughout the trial that he wanted to continue to represent himself.
At the close of the State's evidence, Thomas made an objection, which the court interpreted as a motion to dismiss. The trial court took the motion under advisement and later ruled that the conspiracy to commit robbery charge would be dismissed as a matter of law.
On May 6, 1991, the jury found Thomas guilty of conspiracy to commit a controlled substance crime, as charged in the indictment. The trial court ordered a presentence report, and the sentencing hearing was conducted on August 29, 1991. Counsel was appointed to represent Thomas at the sentencing hearing. The trial court sentenced Thomas to a split sentence consisting of three years' imprisonment with the remainder of Thomas's sentence consisting of two years to be served on probation. The trial court also ordered Thomas, as conditions of probation, to refrain from any and all use of controlled substances and to refrain from violating state and federal laws. The trial court also ordered Thomas to pay court costs and a $50 assessment to the Alabama Crime Victims' Compensation Fund. After the trial court indicated its sentence, Thomas's appointed counsel moved the court to reconsider its sentence, requesting that Thomas be given a straight five-year sentence as opposed to a split sentence. The trial court, however, denied the motion, stating the purpose of a split sentence and the reasons for giving Thomas a split sentence in the present case. Although four issues are raised on appeal, we shall address only the issue that requires reversal.
Thomas contends that the prosecutor's holding up in front of the jury during closing argument a tape recording of the alleged conspiracy, which tape was not admitted in evidence, so prejudiced the outcome of the trial as to constitute reversible error. We agree.
During the trial, the prosecution repeatedly attempted to introduce into evidence a tape recording of telephone conversations allegedly between Thomas and Officer Jerroll Richardson, an undercover agent with the Leeds Police Department, and allegedly between Officer Richardson and Quentin Salter relating to the purchase of the cocaine. Initially, during the testimony of Deputy Ward Hairelson of the Shelby County Sheriff's Department, the prosecution attempted to introduce the tape into evidence. The trial court properly ruled that because Hairelson only monitored Richardson's voice on the tape recording, Hairelson could not lay the proper predicate for the tape's admission. The prosecution then attempted to introduce the tape into evidence with the testimony of Officer Richardson. Because, however, Richardson had only reviewed portions of the tape recording to identify the voices recorded and to determine that the recording had not been changed, the court properly refused to admit the tape into evidence because Richardson was also unable to lay the proper foundation for its admission. See C. Gamble, McElroy's AlabamaEvidence § 123.02 (4th ed. 1991).
In her final summation to the jury, the prosecutor's action in holding the tape up in front of the jury prompted the following objection by Thomas and actions by the trial court.
 "MR. THOMAS: I object, Your Honor. That's not in evidence.
"THE COURT: What is that?
"MR. THOMAS: The tape she's got.
 "THE COURT: That's right. It's not in evidence. She's not submitting it.
 "MS. LAUMER: This is not in evidence, Your Honor. There were objections *Page 193 
made and was sustained after I moved to have it admitted.
 "THE COURT: Members of the jury, you have been out well over an hour. We'll have a brief recess and the Court will give you a charge."
After the court's charge to the jury, the court made the following comments outside the jury's presence concerning the actions of the prosecuting attorney in holding the tape up in front of the jury:
 "THE COURT: Ms. Laumer, I do think it was improper to hold up the tape in front of the jury and say that you tried to get it in.
 "MS. LAUMER: There's case law to that effect —
 "THE COURT: That was not evidence. And if you [had] properly proved it, that tape would have gone in.
 "MS. LAUMER: Judge, there's an abundance of authority — with proper respect to the Court — that once an exhibit is marked, it can be argued in front of the jury. It can't go back with the jury for deliberation, but it can be argued that it was marked and it was there."
"As a general rule, the prosecutor may state or comment, draw proper inferences and present his conclusion from the evidence based upon his own reasoning." Saffold v. State, 485 So.2d 806,808 (Ala.Cr.App. 1986). In closing argument to the jury, counsel may not, however, argue as a fact that which is not in evidence. Sasser v. State, 494 So.2d 857, 859 (Ala.Cr.App. 1986). Furthermore, control of closing argument rests in the broad discretion of the trial judge, and the trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Anderson v. State,469 So.2d 1362 (Ala.Cr.App. 1985).
In the case sub judice, the prosecutor's actions in waving the tape, which was clearly not in evidence, in front of the jury during her closing argument was highly improper. The prosecutor, by holding the tape up in front of the jury during a pivotal point of her closing argument, was implicitly telling the jurors that there was evidence on the tape that supported the State's theory that Thomas and his co-conspirators did not have the funds to purchase half a kilo of cocaine and that Thomas and his co-conspirators conspired to rob the undercover officer of the cocaine.
The trial judge, moreover, who could best determine when comments by counsel are legitimate and when they are improper, clearly stated on the record that the prosecutor's actions regarding the tape in closing argument were improper.
The trial court, however, attempted to cure the prosecutor's error by instructing the jury to disregard the tape. We hold that because this error "has probably injuriously affected substantial rights of the parties," the trial court abused its discretion in failing to rule on Thomas's timely objection to the error and in deeming the error to be "harmless." Rule 45, A.R.A.P.
"The standard . . . for reviewing the introduction of illegal evidence is not whether the evidence did influence the jury, but whether it might have influenced the jury in arriving at the verdict." Ex parte Ward, 497 So.2d 575, 576 (Ala. 1986).
Because the prosecutor's action in holding up inadmissible evidence in front of the jury during a pivotal point in her argument might have influenced the jury's verdict, the trial court abused its discretion in deeming the error to be "harmless."
In view of the fact that this single error requires a reversal of the judgment of the circuit court, we do not consider the other three arguments raised by Thomas. The judgment of the circuit court is reversed and this cause remanded for a new trial.
The foregoing opinion has been prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 194