659 So.2d 931 (1993)
James Sheridan KNIGHT
v.
STATE.
CR-92-1234.
Court of Criminal Appeals of Alabama.
December 3, 1993.
Rehearing Denied October 21, 1994.
Certiorari Denied March 31, 1995.
*932 Raymond Johnson, Montgomery, for appellant.
James Sheridan Knight, pro se.
James H. Evans, Atty. Gen., and Gregory O. Griffin, Sr., Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1940166.
McMILLAN, Judge.
The appellant was convicted of receiving stolen property in the first degree. § 13A-8-17, Code of Alabama 1975. He was sentenced to 15 years' imprisonment.
The appellant contends that the State failed to prove a proper chain of custody for pieces of broken glass taken from the crime scene for purposes of fingerprint examination. Specifically, he contends that the State failed to present any evidence as to "how the glass got to the police station."
The evidence presented by the State tended to show the following: Officer Derek Wilson testified that he was the evidence technician who "lifted" the fingerprints off of the glass. He testified that he went to the "supply house" where the evidence was stored to pick up the glass and the supply form. He testified that the evidence was listed on the supply form as having been discovered during a burglary investigation. He further testified that the supply form indicated that the evidence had been delivered to the supply house by Officer P.L. Flemming, who had investigated the crime. He testified that, after lifting the fingerprints, he returned the glass to the supply house.
In Ex parte Holton, 590 So.2d 918, 920 (Ala.1991), the Alabama Supreme Court stated:
"The chain of custody is composed of `links.' A `link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: `(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
"If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a `missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the `link,' as to one or more criteria or as to one or more links, the result is a `weak' link. When the link is `weak,' a question of credibility and weight is presented, not one of admissibility."
Applying the Holton principles to the instant case, we conclude that the State failed to prove a proper chain of custody for the pieces of broken glass. Although Officer Wilson testified that Officer Flemming had initially seized the glass and delivered it to the supply house, the record is devoid of any evidence, either direct or circumstantial, concerning Officer Flemming's "safeguarding and handling of the item between receipt and disposition." Holton, supra. Hence, there was a "missing link" in the chain of custody of the evidence, and the glass should not have been admitted into evidence.
In Fain v. State, 591 So.2d 564, 566 (Ala. Cr.App.1991), this court stated:
"Under Rule 45, A.R.App.P., no conviction may be reversed on the ground of the improper admission or rejection of evidence unless, in the opinion of the appellate court, it appears that the error complained *933 of has `probably injuriously affected substantial rights' of the appellant. The appellant must not only show error in the admission or rejection of evidence, but must also demonstrate that such error was probably injurious. Wilson v. State, 520 So.2d 205 (Ala.Cr.App.1988); Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973). In interpreting Rule 45, the Alabama Supreme Court has stated, `[T]he proper inquiry here is not whether evidence of the defendant's guilt is overwhelming, but, instead, whether a substantial right of the defendant has or probably has been adversely affected.' Ex parte Johnson, 507 So.2d 1351, 1356 (Ala.1986). See also Tell v. State, 285 Ala. 234, 231 So.2d 107 (1970). The standard for reviewing the introduction of illegal evidence is not whether the evidence did influence the jury in arriving at the verdict, but whether it might have influenced the jury in arriving at the verdict. Wilson v. State; Ex parte Ward, 497 So.2d 575 (Ala.1986)."
The erroneous admission of the evidence was probably injurious to the appellant. Although the fingerprints on the pieces of broken glass and the chain of custody of the glass were superfluous to the State's burden of presenting a prima facie case of receiving stolen property because the appellant was arrested while in possession of the property, it indicated his guilt as to the uncharged burglary. Therefore, because the introduction of the evidence might have adversely influenced the jury, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur except MONTIEL, J., who dissents with opinion.
MONTIEL, Judge, dissenting.
I would affirm the judgment of the trial court. The fingerprint testimony was properly admitted into evidence in this case, regardless of whether there was a break in the chain of custody for the piece of glass from which the fingerprint was removed.
This Court has held that although a sufficient chain of custody must be proved before certain types of evidence can be admitted, "fingerprint evidence is capable of eyewitness identification and `it is a sufficient foundation for the introduction of such evidence that a witness identifies it and it has relevance to the issues of the case.'" Johnson v. State, 620 So.2d 679, 693 (Ala.Crim.App.1992) (reversed on other grounds, 620 So.2d 709 (Ala.1993), (quoting Magwood v. State, 494 So.2d 124, 144 (Ala.Crim.App.1985), aff'd, 494 So.2d 154 (Ala.1986), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986)). See also, Watkins v. State, 565 So.2d 1227 (Ala.Crim.App.1990).
"`Chain of custody requirements do not apply with the same force to items of evidence which are unique and identifiable in themselves.... [Fingerprint evidence] squarely fall[s] into the category of evidence unique and independently identifiable.'" Johnson, 620 So.2d at 693, (quoting Magwood 494 So.2d at 144).
In this case, the trial court did not err in admitting the fingerprint testimony. See, e.g., Johnson. Therefore, I must respectfully dissent from the majority opinion.